ELM PARK IOWA, INC., Plaintiff-Appellant, V. DENNISTON, and others, Defendants-Respondents: SCHREIBER, and another, Unnamed Defendants.

Court of Appeals

*No. 78–085. Submitted on briefs August 29, 1979.—Decided October 5, 1979.*
(Also reported in 286 N.W.2d 5.)

724

For the plaintiff-appellant, the cause was submitted on the briefs of *Stephen E. Gavin & Associates* and *Edwin C. Conrad* of Madison.

For the defendants-respondents, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, with whom on the brief was *Charles R. Larsen,* assistant attorney general.

Before Decker, C.J., Moser, P. J., and Cannon, J.

MOSER, P.J. Elm Park Iowa, Inc. (Elm Park), filed a complaint against the defendants Ethel Denniston, Mary Frances Richards, and Darla Senn (D. R. & S.). All of the defendants are employees of the Division of Health of the Wisconsin Department of Health and Social Services. The complaint alleges that D. R. & S. were part of a continuing conspiracy to wilfully and maliciously destroy Elm Park's reputation, trade and business in violation of sec. 134.01, Stats. Elm Park sought damages for this conspiracy.

D. R. & S. filed a motion to dismiss pursuant to sec. 802.06(3), Stats., attacking the jurisdiction of the court

because the complaint failed to recite a notice of claim and disallowance, allegedly a condition precedent required under sec. 895.45. Elm Park has conceded that no notice was served upon the attorney general or pleaded in their complaint. They claim that the notice is not required in this case. The trial court treated Denniston's motion as one for summary judgment, and granted the motion. From the resultant order and judgment Elm Park appeals.

## PERTINENT PARAGRAPHS OF THE COMPLAINT

. . . .

8. That commencing some time prior to October, 1974, and continuing to date, the defendants together did conspire, agree and mutually undertake by concerted action for the purpose of willfully and maliciously injuring the plaintiff in its reputation, trade and business, all in violation of the criminal sanctions set forth in Section 134.01, Wisconsin Statutes.

9. At all material times until her resignation on January 10, 1976, defendant Ethel Denniston was an employe of the Division of Health, DH&SS. During the month of October, 1974, she was the registered nurse member of the departmental survey team which conducted the required annual inspection of the Elm Row Nursing Home.

10. While said inspection was still in progress, acting beyond the scope of her employment and authorization, Ethel Denniston maliciously, willfully and in direct violation of DH&SS's written instructions to her, reported false and fraudulent information concerning the conditions at Elm Row to defendant Susan M. Long, an employe of the Milwaukee County Department of Health and Social Services, and others, for the purpose of "blacklisting" Elm Row, to the end that eligible Medicaid beneficiaries in need of nursing home care would not be referred by Milwaukee County social workers to Elm Row.

. . . .

12. Defendants Mary Frances Richards and Susan M. Long, in concert with defendant Ethel Denniston and in

furtherance of the conspiracy against Elm Row, engaged in the identical activities described in allegation #10. The efforts were successful. Elm Row was "blacklisted" in October, 1974, and has remained on the "blacklist" continuously thereafter.

. . . .

17. Said conspiracy continues. Elm Row is under constant surveillance by DH&SS.

18. Since October, 1974, Milwaukee County has not referred Medicaid beneficiaries to Elm Row, and it and DH&SS advised, and continues to advise Milwaukee area hospitals not to do so. Each step in the advancement of the alleged conspiracy has resulted in a rash of media publicity which has caused, and is causing, cancellations by private pay patients of requested admissions to Elm Row. . . . The effect of the conspiracy has been, and is, to deprive Elm Row of substantial income and to drastically reduce its market value, and has defamed its owner in all of its nursing home operations to its great detriment and damage.

WHEREFORE, plaintiff demands judgment against the defendants in the amount of $2,500,000 and for its costs and disbursements in this action.

## THE STATUTE INVOLVED

**895.45 Timeliness, definition of claimant, notice and limited liability.** (1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of such officer's, employe's or agent's duties, unless within 90 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved.

(2) In this section, "claimant" means the person or entity sustaining the damage or injury or his agent, attorney or personal representative.

(3) The notice under sub. (1) shall be sworn to by the claimant and shall be served upon the attorney general at his office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

(4) The amount recoverable by any person or entity for any damages, injuries or death in any civil action or civil proceeding against a state officer, employe or agent shall not exceed $100,000. No punitive damages may be allowed or recoverable in any such action.

The sole issue on this appeal is whether a complaint against state employees must comply with sec. 895.45, Stats., when alleging an intentional tort of continuing conspiracy even though its allegations maintain that all the acts of conspiracy were beyond "the scope of employment and authorization." We hold that no civil action against a state employee can be brought unless the condition precedent of notice of claim is given, and that notice and disallowance of such claim must be pleaded in the complaint under sec. 895.45 before any trial court has jurisdiction.

## I.

The Wisconsin Supreme Court has mandated that no civil action for damages can be "brought or maintained" unless the condition precedent of required notice is given, and that notice and the disallowance must be pleaded. Complaints against counties made under secs. 59.76 and 895.43, Stats.,[1] complaints against cities under secs. 62.25 and 895.43,[2] and complaints for lack of road and bridge

---

[1] *Armes v. Kenosha Cty.*, 81 Wis.2d 309, 313, 260 N.W.2d 515, 517 (1977).

[2] *Jasenczak v. Schill*, 55 Wis.2d 378, 384–85, 198 N.W.2d 369, 372 (1972); *Binder v. Madison*, 72 Wis.2d 613, 617, 241 N.W.2d 613, 615 (1976).

maintenance against towns, cities or villages under secs. 81.15 and 895.43[3] all must plead notice of claim and disallowance, in fact or by operation of law, as a condition precedent to the existence of a cause of action giving the trial courts jurisdiction. However, in *Majerus v. Milwaukee County,*[4] the Wisconsin Supreme Court held that the "brought or maintained" language within sec. 895.43 does not require that notice be pleaded as a condition precedent to stating a cause of action.

Elm Park argues that *Majerus* is controlling in this case, and that therefore notice is not a condition precedent to a cause of action. We disagree.

Both secs. 59.76 and 62.25(1), Stats., read as follows: "No action can be brought or maintained against a (county/city) upon a claim or cause of action unless the complaint complies with 895.43, . . . ." Unlike secs. 59.76 and 62.25(1), sec. 895.45 states that "no civil action may be brought" unless the requisite notice is filed with the attorney general. There is a significant difference between the "brought or maintained" terminology the legislature employed in secs. 59.76 and 62.25(1), and the "brought" language of sec. 895.45. By leaving out the word "maintained" in sec. 895.45, the legislature more clearly stated a condition precedent to bringing a cause of action than in either sec. 59.76 or 62.25(1), both of which have been held to be conditions precedent to bringing a cause of action.

The *Majerus* case is distinguishable from the case at hand. In *Majerus,* the Wisconsin Supreme Court held that sec. 895.43, Stats., is a notice of injury statute,[5]

---

[3] *Harte v. City of Eagle River,* 45 Wis.2d 513, 518, 173 N.W.2d 683, 686 (1970); *Ocampo v. City of Racine,* 28 Wis.2d 506, 509–10, 137 N.W.2d 477, 479–80 (1965).

[4] *Majerus v. Milwaukee County,* 39 Wis.2d 311, 316–17, 159 N.W.2d 86, 88 (1968).

[5] *Id.*

under which notice is a condition of fact requisite to liability. That is in contrast to secs. 59.76[6] and 62.25(1),[7] which have been determined to be notice of claims statutes.

A notice of injury statute performs an entirely different function than does a filing of claim statute or a notice of claims statute. The purpose of notice of injury statutes is to allow governmental authorities to investigate the matter, while the purpose of a filing of claim statute is to provide the governmental authorities an opportunity to effect a compromise short of suit.[8]

We hold that, like secs. 59.76 and 62.25(1), Stats., sec. 895.45 is a notice of claim statute. Like secs. 59.76 and 62.25(1), its purpose is to afford the governing body an opportunity to amicably adjust claims and avoid needless litigation.

In sec. 895.43(1)(a), Stats., there is an additional provision that a claim of injury is not barred if the governmental authority has actual notice of damage or injury and the delay or failure does prejudice the governmental authority.[9] That language illustrates that under the notice of injury statute, sec. 895.43, notice of damage or injury is not an all-inclusive requirement. It also illustrates the unique investigative purpose of sec. 895.43. Nowhere in any of the notice of claims statutes is there any comparable language.

There must be a notice of claim and disallowance as a condition precedent before a civil action or proceeding can be brought under sec. 895.45, Stats. A complaint

---

[6] *Armes, supra* note 1.

[7] *Binder, supra* note 2.

[8] *Pattermann v. City of Whitewater,* 32 Wis.2d 350, 357, 145 N.W.2d 705, 708 (1966).

[9] *Majerus, supra* note 4, at 317, 159 N.W.2d at 88.

brought under this section must state that a claim was made and disallowed.

Here the trial court had subject matter jurisdiction, but personal jurisdiction cannot be found in this particular case since the statutory condition precedent was not pleaded in the complaint.[10] When courts hold jurisdictional hearings, the burden to establish the court's jurisdiction is on the parties claiming such jurisdiction.[11] Here Elm Park's complaint failed to state that a notice of claim was made and disallowed, which amounted to a failure to meet its burden to establish the jurisdiction of the court. The trial court was correct in dismissing the complaint under secs. 802.06(3) and 802.08.

## II.

The complaint alleges that D. R. & S., while an annual inspection was in progress in 1974, reported false and fraudulent information concerning the conditions at Elm Row to Susan M. Long and Acting Governor Martin J. Schreiber and employees of his office of Ombudsman. The complaint further states that such reporting was in violation of written instructions of the Department of Health and Social Services. It goes on to conclude that these acts are "beyond the scope of their employment and authorization" taking this case out of the requirements of notice of claim under sec. 895.45(1), Stats.

[10] *Broadbent v. Hegge*, 44 Wis.2d 719, 724, 172 N.W.2d 34, 37 (1969); *City of Kenosha v. State*, 35 Wis.2d 317, 327, 151 N.W.2d 36, 41 (1967).

[11] *State v. Advance Marketing Consultants, Inc.*, 66 Wis.2d 706, 712, 225 N.W.2d 887, 891, (1975); *Merco Distributing Corp. v. O. & R. Engines, Inc.*, 71 Wis.2d 792, 796, 239 N.W.2d 97, 100 (1976).

In their dispute over whether sec. 895.45(1), Stats., applies both Elm Park and D. R. & S. argue by analogy from other statutes and case law which apply language concerning the scope of employment. Elm Park argues a scope of employment test,[12] while D. R. & S. argue "growing out of and incidental to"[13] language. The latter test includes acts which are "reasonably required by the terms and conditions of . . . employment."[14] Elm Park concludes this cause of action does not require the notice. D. R. & S. conclude that the notice is required before a cause of action can be commenced. We reject these attempts to construe sec. 895.45(1).

A careful reading of the complaint necessitates the conclusion that all these acts of continuing conspiracy alleged were accomplished while D. R. & S. were working on an annual inspection of Elm Row in 1974. There are no other factual allegations in the complaint dealing with the acts of D. R. & S. other than the conclusion that the conspiracy continues from 1974 to date. Just because a complaint states that these "acts are beyond the scope of their employment and authorization" does not take a case beyond the notice of claim requirements of sec. 895.45(1), Stats. This is especially true when the complaint alleges that the acts involved were done while making an annual inspection of Elm Row in 1974. These acts were part of ". . . any act growing out of or committed in the course of such . . . employe's duties, . . . ." sec. 895.45(1), and therefore were within the scope of employment.

[12] *Frazier v. Nabors,* 273 F. Supp. 148, 150 (S.D. Tenn. 1967).

[13] *Village of Butler v. Industrial Comm.,* 265 Wis. 380, 384, 61 N.W.2d 490, 492 (1953).

[14] *Employers Mutual Liability Ins. Co. v. DILHR,* 52 Wis.2d 515, 521, 190 N.W.2d 907, 911 (1971); *Finsland v. Phillips Petroleum Co.,* 57 Wis.2d 267, 271, 204 N.W.2d 1, 3 (1973).

■

Elm Park further argues that because an intentional tort of conspiracy is alleged, that allegation necessarily takes the acts beyond the scope of employment. Notwithstanding the allegation of intentional tortious conduct, the trial court held that the statute deals with "any act growing out of or committed in the course of the discharge of such . . . employee's duties." We agree with the trial court.

■

The primary source of statutory construction is the language of the statute itself.[15] When the statute is clear and unambiguous a court is to arrive at the intention of the legislature by giving the language its ordinary, and accepted meaning.[16] Where nontechnical words used in a statute are not specifically defined they are given their ordinary and accepted meaning, and if needed this meaning may be obtained from a recognized dictionary.[17]

■

We submit this statute is unambiguous and we must give the language of the statute its ordinary meaning. Its ordinary meaning in the context of this complaint is:

1. No civil action can be brought against,
2. Any state employee,
3. For or on account of any act growing out of or committed in the course of the discharge of such employee's duties unless,
4. Within ninety days of the event causing the injury,
5. The complaint in the action or proceeding serves on the attorney general,
6. Written notice of claim.

[15] *State v. Tollefson*, 85 Wis.2d 162, 167, 270 N.W.2d 201, 203 (1978).

[16] *State v. Engler*, 80 Wis.2d 402, 406, 259 N.W.2d 97, 99 (1977).

[17] *Falkner v. Northern States Power Co.*, 75 Wis.2d 116, 123, 248 N.W.2d 885, 890 (1977).

There is nothing in this statute that limits the notice of claim requirement to unintentional tortious conduct. It is broad enough to include any act of an employee that arises from intentional tortious conduct as alleged here.

Based solely upon the allegations within the complaint, we conclude that sec. 895.45, Stats., is applicable, and that it requires that notice of claim must be served upon the attorney general, the claim must be disallowed, and the claim and disallowance must be pleaded within the complaint as a prerequisite to stating a cause of action. The trial court was correct in granting summary judgment pursuant to secs. 802.06(3) and 802.08.

*By the Court.*—Order and judgment affirmed.