Saad IBRAHIM, Plaintiff-Appellant,

v.

Theodore SAMORE, Defendant-Respondent.†

Court of Appeals

*No. 82–2129. Submitted on briefs July 20, 1983.— Decided August 22, 1983.*

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

530

For the plaintiff-appellant the cause was submitted on the briefs of *Daniel R. McCormick* and *Techmeier, Sheedy & Associates*, with *Michael T. Sheedy* of counsel, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *John R. Sweeney,* assistant attorney general of counsel, of Madison.

Before Wedemeyer, P.J., Decker and Moser, JJ.

MOSER, J. Professor Saad Ibrahim (Ibrahim) brought this action against Professor Theodore Samore (Samore) for libel. Prior to answering the complaint, the state, through the attorney general's office, moved to dismiss. The motion was supported by the affidavits of Samore and Professor Mohammed M. Aman (Aman), dean of the Library and Information Science Department of the University of Wisconsin-Milwaukee (UWM). Ibrahim responded with his own affidavit and supporting material. The trial court dismissed this action on the ground that sec. 893.82(1), Stats.,[1] requires that, as a condition precedent in any action against a state official, employee or agent, the attorney general must be notified within 120 days of the event. Because no timely notice was given, the trial court dismissed the suit.

Samore was chairman and Ibrahim was a member of a UWM library science and information executive committee. As a result of a February 25, 1981, meeting,

[1] Sec. 893.82(1), Stats., reads, in part, as follows:

Claims against state employes; notice of claim; limitation of damages. (1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved.

Samore, as chairman, forwarded to the members of the executive committee purported minutes of the meeting. In these minutes, Samore stated that Ibrahim demonstrated "paranoia" and further stated that certain documents Ibrahim tendered at the committee meeting were "appalling, unbelievable, bombastic and paranoic." At a May 21, 1981, meeting which Ibrahim recorded, transcribed and attached to his affidavit in opposition to the motion to dismiss, Samore is reported as stating that the above committee minutes report was a "joke" and that the February 25, 1981, committee report tendered to the members at this meeting was the "official" report. Ibrahim also attached to his affidavit a report of the Faculty Rights and Responsibilities Committee dated May 26, 1981, which reprimanded Samore because the "joke" minutes were unprofessional.

Subsequently, Ibrahim commenced an action which was voluntarily dismissed. After this voluntary dismissal, Ibrahim notified the attorney general who rejected the notice of injury or claim in a letter dated January 29, 1982, basing its rejection on the fact that Ibrahim failed to meet the 120-day notice requirement. Ibrahim commenced this suit alleging, in part, the notice to and rejection of the notice by the attorney general. Before answering the complaint, Samore moved, through the attorney general, to dismiss the complaint with the aforementioned supporting affidavits of himself and Aman stating that Samore, as a professor and chairman of the library science committee, was a state employee on February 25, 1981, and that the February 25, 1981, minutes were prepared by Samore as part of his faculty position and as a state employee. Aman's affidavit confirmed Samore's. Neither of these affidavits states definitively whether it refers to the "joke" or "official" committee minutes.

There is no reference in the trial court's record as to what statute was employed for this dismissal. We presume the motion to dismiss was made on the basis of sec. 802.06(2), Stats., because the trial court lacked jurisdiction over the subject matter of the complaint due to Ibrahim's failure to give timely notice to the attorney general of his claim against Samore pursuant to sec. 893.82(1). Apparently it is on this basis that the trial court granted the motion to dismiss the complaint by an order for dismissal entered October 18, 1982. It is from this order that Ibrahim appeals.

Ibrahim concedes that no timely notice under sec. 893.82(1), Stats., was served on the attorney general.[2] The giving of a timely notice is a condition precedent to maintaining any action against a state officer, employee or agent; and the failure to give a timely notice is fatal to the maintenance of an action for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties.[3]

Notice to the attorney general is required because under sec. 895.46, Stats.,[4] the state is liable for judgments in

---

[2] It should be noted that Ibrahim's appellate counsel did not represent him in any of the proceedings in the trial court.

[3] Sec. 893.82(1), Stats.; *Mannino v. Davenport*, 99 Wis. 2d 602, 299 N.W.2d 823 (1981); *Doe v. Ellis*, 103 Wis. 2d 581, 309 N.W.2d 375 (Ct. App. 1981); *Yotvat v. Roth*, 95 Wis. 2d 357, 290 N.W.2d 524 (Ct. App. 1980); *Elm Park Iowa, Inc. v. Denniston*, 92 Wis. 2d 723, 286 N.W.2d 5 (Ct. App. 1979).

[4] Sec. 895.46(1)(a), Stats., reads, in pertinent part, as follows: State and political subdivisions thereof to pay judgments taken against officers. (1)(a) If the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employe and the jury or the court finds that the defendant was

excess of insurance coverage against state officials and employees for acts committed while carrying out official duties and while acting in the scope of employment. The purpose of the sec. 893.82 notice provision is to allow the attorney general to investigate the claim. Public officers, employees and agents do not enjoy indemnity under sec. 895.46 where the damages complained of were the result of malicious, willful or intentional misconduct.[5]

We note that the Samore brief relies heavily on a previous decision of this court for its argument that no civil action can be brought against any state official, employee or agent without first meeting the timely notice provision of sec. 893.82(1), Stats.[6] The case relied on is clearly distinguishable on its facts. The complaint in that case claimed a continuing conspiracy on the part of the state inspectors of nursing homes to willfully and maliciously destroy the nursing home's reputation, trade and business. All the acts conspiracy alleged were acts committed by the state inspectors in the regular and routine discharge of their duties as state employees—namely, their inspections of the nursing home. There were no other factual allegations in the complaint which would have removed the acts from the scope of employment, notwithstanding the bald allegation that the acts were done willfully and maliciously.

---

acting within the scope of employment, the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to the officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employe.

[5] *Lister v. Board of Regents,* 72 Wis. 2d 282, 302, 240 N.W.2d 610, 622 (1976) ; *Yotvat, supra* note 3, at 366, 290 N.W.2d at 530; *Graney v. Board of Regents,* 92 Wis. 2d 745, 766, 286 N.W.2d 138, 149 (Ct. App. 1979).

[6] *Elm Park Iowa, supra* note 3.

█
In the instant case, however, the malicious acts alleged in the complaint stated a cause of action for libel. Ibrahim alleged that Samore had written what purported to be minutes of the executive committee meeting containing references to his "paranoia" and that Samore circulated these "minutes" among Ibrahim's colleagues. The complaint further states that such libel was done with wicked, wanton, malicious and evil intent to harm, damage, cripple and destroy Ibrahim's professional reputation. The complaint goes on in the same fashion to elucidate further allegations of facts necessary to meet the test of a civil libel action under secs. 802.03 (6) and 893.57, Stats. Taking the allegations as true, the writing and circulating of the "joke" minutes were not committed in the course of the discharge of Samore's duties as a state employee within the meaning of sec. 893.82 (1).

█
We hold that the trial court erred in dismissing Ibrahim's complaint on the basis that it had no jurisdiction due to the failure to give timely notice. When a complaint alleges malicious, willful and intentional misconduct outside the scope of employment, it removes the action from the notice requirement. This is not to say, however, that mere allegations in the complaint will suffice to remove the absolute defense of lack of notice under sec. 893.82 (1), Stats. Rather, such a complaint necessitates a formal answer employing the lack of notice defense and further fact-finding proceedings in the trial court to ascertain whether the acts complained of are within or without the statutory language, "growing out of or committed in the course of the discharge of the officer's employe's or agent's duties." If the trial court finds the acts were committed within the scope of employment, the lack of notice to the attorney general is an absolute bar to maintaining Ibrahim's cause of

action. If the trial court finds the acts were committed outside the scope of employment, however, Ibrahim may proceed against Samore as an individual.

To hold otherwise would wreak havoc with the statute of limitations in civil actions against governmental officials, employees and agents for libel (as here) and slander, assault and battery, false imprisonment and other intentional torts.[7] Such a mechanistic application of the governmental officials' employees' and agents' shield statute could well set these persons up as a protected class in violation of both the equal protection and the due process clauses of the United States Constitution[8] and the Wisconsin Constitution.[9] For these reasons we reverse the trial court's dismissal of Ibrahim's complaint.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

[7] Sec. 893.57, Stats. (Statute of limitations is two years).

[8] U.S. Const. 14th amend.

[9] Wis. Const. art. I, § 1.