Saad IBRAHIM, Plaintiff-Appellant,†

v.

Theodore SAMORE, Defendant-Respondent-Petitioner.

Supreme Court

*No. 82–2129. Argued April 24, 1984.—Decided May 30, 1984.*

(Also reported in 348 N.W.2d 554.)

† Motion for reconsideration dismissed July 24, 1984. HEFFER-
NAN, C.J., and WILLIAM A. BABLITCH, J., took no part.

For the defendant-respondent-petitioner there was a brief by *Charles D. Hoornstra,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general, and oral argument by *Charles R. Larsen,* assistant attorney general.

For the plaintiff-appellant there was a brief by *Daniel R. McCormick, Michael T. Sheedy* and *Techmeier, Sheedy & Associates,* Milwaukee, and oral argument by *Mr. McCormick.*

STEINMETZ, J. The issue in this case is whether compliance with sec. 893.82(1), Stats.,[1] which requires that notice be given to the attorney general within 120 days of an alleged injury caused by a state officer, employee or agent for an act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties, is a condition precedent to commencing

---

[1] Sec 893.82(1), Stats., provides as follows:

"893.82 **Claims against state employes; notice of claim; limitation of damages.** (1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or or death and the names of persons involved, including the name of the state officer, employe or agent involved."

a civil action or proceeding against that officer, employee or agent.

This case involves a tort action in libel which was commenced by plaintiff Saad Ibrahim in the Milwaukee county circuit court, Honorable John E. McCormick. Defendant Theodore Samore moved to dismiss for failure to comply with the notice requirement of sec. 893.82(1), Stats.* The circuit court granted the motion. The plaintiff appealed to the court of appeals which, in a published decision, reversed and remanded the case to the trial court.[2] Samore petitioned this court for review which was granted.

At all relevant times, plaintiff Ibrahim and defendant Samore were members of the faculty in the School of Library and Information Science (SLIS) at the University of Wisconsin-Milwaukee. Ibrahim was a member of the executive committee of the SLIS and Samore was chairperson of that committee.

According to the affidavit of the defendant which was filed with his motion to dismiss, he, as chairperson, "regularly calls meetings of the Executive Committee, presides at these meetings, transmits minutes of the meetings to the Dean, to the Secretary of the University and to Executive Committee members, and maintains such minutes in School files." The affidavit of Mohammed Aman, dean of SLIS, which also was filed with the defendant's motion, states the same duties of the chairperson.

The SLIS executive committee met on February 25, 1981. One of the items of business was whether to recommend promotion of an individual to the tenured rank of associate professor. On February 27, 1981, Samore issued a memorandum to the members of the executive

---

* The appellate counsel are not the same as the plaintiff's trial court counsel.

[2] *Ibrahim v. Samore*, 114 Wis. 2d 529, 339 N.W.2d 354 (Ct. App. 1983).

committee which stated in part: "Attached are the minutes of the meeting." The attached document provided in part:

"Ibrahim brought in a tape recorder to record the meeting. The remaining Committee members were indifferent to this display of paranoia.

" . . . .

"Bartley moved and Sable seconded that the Executive Committee recommended to Dean Aman that Assistant Professor V. Stanton be promoted to the rank of Associate Professor beginning in the 1981–82 academic year. Ibrahim distributed copies of two documents that he requested be attached to the minutes. These refutable, appalling, unbelievable, bombastic and paranoic documents are entitled:

" 'Inapplicability of Procedures & Criteria Used by the SLS Executive Committee in Determining its Recommendation Concerning the Promotion of Assistant Professor Vida Stanton to Associate Professor.'

"and

" 'Reasons for my objection to Recommend the Promotion of Assistant Professor Vida Stanton to Associate Professor.'

"Ibrahim implored the Committee to address themselves to the details of the two memoranda.

"Samore pointed out that Ibrahim seems to be addressing the tape recorder not the Committee members. Samore spoke strongly in support of the motion.

"Bartley's motion carried. AYES—2 NAYS—1. (The Chairperson usually does not vote, except in the case of ties)."

On May 5, 1981, Samore wrote a note to the executive committee members asking them to bring the attached minutes of the February 25 meeting to the May 8, 1981, meeting for approval. Those new and different minutes of the same February 25 meeting read in pertinent part:

"Bartley moved and Sable seconded that the Executive Committee recommend to Dean Aman that Assistant Professor V. Stanton be promoted to the rank of Associate Professor beginning in the 1981–82 academic year. Discussion ensued.

"The motion carried. VOTE: Ayes—2 Nays—1 (Chairperson usually does not vote except to break ties and in other matters)."

Ibrahim filed with the trial court what he represented to be a transcript of the meeting of May 8, 1981. A material portion thereof reads:

"Samore: . . . [T]he minutes from February 25, 1981, which you have a copy of.
"Ibrahim: Hold it here now. Hold it. Hold it. We had a different minutes for this.
"Samore: That is correct.
"Ibrahim: OK
"Samore: Now you have the minutes as
"Ibrahim: As what?
"Samore: Corrected.
"Ibrahim: How is it corrected?
"Samore: February 25 . . . because the original minutes were done as a joke.
"Ibrahim: Were done as a joke?
"Samore: As a joke.
"Ibrahim: OK. That is interesting. Was done as a joke."

On January 20, 1982,[3] Ibrahim filed a notice of injury with the attorney general pursuant to sec. 893.82(1), Stats., almost eleven months after the alleged libel by the minutes of the meeting of February 25, 1981.

The court of appeals found an exception in this case for compliance with the notice requirements of sec. 893.-82(1), Stats., and stated: "When a complaint alleges malicious, willful and intentional misconduct outside the scope of employment, it removes the action from the notice requirement." 114 Wis. 2d at 535. Using the

---

[3] The brief of plaintiff alleges that the notice of injury was filed on January 20, 1982, and the complaint alleges "on or about Jan. 19, 1982." The notice of injury document itself is not included in the record.

scope of employment test confuses sec. 895.46(1)(a),[4] the indemnity statute, with the relevant tests governing sec. 893.82, namely: "any act growing out of or committed in the course of the discharge of the officer's,

[4] Sec. 895.46(1)(a), Stats., provides as follows:

"**895.46 State and political subdivisions thereof to pay judgments taken against officers.** (1)(a) If the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employe and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to the officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employee. Agents of any department of the state shall be covered by this section while acting within the scope of their agency. Regardless of the results of the litigation the governmental unit, if it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment. If the employing state agency or the attorney general denies that the state officer, employe or agent was doing any act growing out of or committed in the course of the discharge of his or her duties, the attorney general may appear on behalf of the state to contest that issue without waiving the state's sovereign immunity to suit. Failure by the officer or employe to give notice to his or her department head of an action or special proceeding commenced against the defendant officer or employe as soon as reasonably possible is a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney fees and costs of defending the action. The attorney fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and the offer is refused by the defendant officer or employe. If the officer, employe or agent of the state refuses to cooperate in the defense of the litigation, the officer, employe or agent is not eligible for any indemnification or for the provision of legal counsel by the governmental unit under this section."

employe's or agent's duties . . . ." The latter acts are broader than the former act of scope of employment.

Sec. 893.82, Stats., is a notice of injury statute. It applies to "any act" of a state officer, employee, or agent if "growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties." No distinction is made for intentional or malicious acts. The statute requires that the notice of injury must be filed with the attorney general within 120 days of the event. It must be under oath and delivered to the attorney general at his capitol office by certified mail.

Failure to give the notice is fatal to the action. "No . . . action . . . may be brought" unless the notice is given. Sec. 893.82(1), Stats. Failure to give such notice is jurisdictional and is not waived by a failure to plead it as an affirmative defense. As we stated in *Mannino v. Davenport,* 99 Wis. 2d 602, 612, 299 N.W.2d 823 (1981):

> "In light of our construction of other notice of injury statutes, we conclude that compliance with sec. 895.45 (1) is necessary to warrant recovery against a state employee. Where a plaintiff has failed to comply with the terms of the statute and this defect is properly raised by a motion for summary judgment, the defendant is entitled to prevail whether or not he has raised the matter of noncompliance in his responsive pleading. This rule is in accord with the general view that notice of injury requirements cannot be waived."[5]

The notice of injury statute "is not a statute of limitation but imposes a condition precedent to the right to maintain an action." *Nelson v. American Employers' Ins. Co.,* 262 Wis. 271, 276, 55 N.W.2d 13 (1952).

The purpose of a notice of injury statute is to enable the attorney general to investigate fresh claims. *Man-*

---

[5] Sec. 895.45, Stats., has been renumbered and is now codified as sec. 893.82. *See* Laws of 1979, ch. 323, sec. 30.

*nino,* 99 Wis. at 609; *Pattermann v. Whitewater,* 32 Wis. 2d 350, 357, 145 N.W.2d 705 (1966). In two cases the court of appeals consistently and correctly has held: " 'The purpose of sec. 895.45(1) [893.82(1)], Stats., is to permit the attorney general to investigate a claim against an employee which might result in a judgment to be paid by the state under the indemnity statute, sec. 895.46.' " *Doe v. Ellis,* 103 Wis. 2d 581, 589, 309 N.W.2d 375 (Ct. App. 1981); *Yotvat v. Roth,* 95 Wis. 2d 357, 367, 290 N.W.2d 524 (Ct App 1980).

In *Elm Park Iowa, Inc. v. Denniston,* 92 Wis. 2d 723, 286 N.W.2d 5 (Ct App 1979), the complaint alleged intentional tortious conduct and therefore the plaintiff argued compliance with the notice of injury statute was unnecessary. The court correctly held that the notice of injury statute deals with " 'any act growing out of or committed in the course of the discharge of such . . . employee's duties' " and that the statute "is broad enough to include any act of an employee that arises from intentional tortious conduct." *Id.* at 733, 734.

The doctrine of official immunity is an entirely different defense. It excuses public officials from liability for certain discretionary acts even if notice of injury is timely under sec. 893.82, Stats. "[P]ublic officers are immune from liability for damages resulting from their negligence or unintentional fault in the performance of discretionary functions." *Lister v. Board of Regents,* 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976). This rule is a common law substantive limitation on their personal liability for damages. *Id.* at 299. The reasons for official immunity are as follows:

"(1) The danger of influencing public officers in the performance of their functions by the threat of lawsuit; (2) the deterrent effect which the threat of personal liability might have on those who are considering entering public service; (3) the drain on valuable time caused

by such actions; (4) the unfairness of subjecting officials to personal liability for the acts of their subordinates; and (5) the feeling that the ballot and removal procedures are more appropriate methods of dealing with misconduct in public office." *Id.* at 299.

Acts of two types are exempted from the defense of official immunity. First, the public employee is liable for damages resulting from the negligent performance of a purely ministerial duty. *Lister,* 72 Wis. 2d at 300–01. Second, the officer or employee has no immunity for conduct that is malicious, willful and intentional. *Id.* at 302.

■

Indemnity is the third, entirely distinct concept. It assumes notice was properly given under sec. 893.82, Stats., that the defense of official immunity is unavailable, that the official has been found liable to a plaintiff, and that judgment has been entered against the official. No distinction is made for judgments for intentional conduct. The state must indemnify the employee for the judgment under sec. 895.46(1)(a), if the acts were committed "while carrying out duties as an officer or employe and [if] the jury or the court finds that the defendant was acting within the scope of employment . . . ." Unlike the defense of official immunity, but like notice of injury, no distinction is made as to judgments based on intentional or negligent conduct.

The notice of injury statute is broader than the indemnity statute. The indemnity statute applies to acts within the scope of employment and while carrying out duties. Sec. 895.46(1), Stats. The notice of injury statute applies to acts "growing out of" those duties as well as those "committed in the course" of the duties. Sec. 893.82(1).

■

Samore's alleged wrong consisted of using his authority as chairperson to distribute minutes which may

have defamed the plaintiff. The distribution of the minutes, as a matter of law, was conduct which was an "act growing out of or committed in the course of the discharge" of his duties within the meaning of sec. 893.82, Stats. It was his duty as chairperson of the SLIS executive committee to transmit minutes of the executive committee to its members. Joke or not, defamatory or not, intentional or tortious or not, the distribution grew out of and was committed in the course of the discharge of Samore's duty to distribute minutes. The issue of intent and the issue of the "joke" status of the minutes go to the rules of liability, not to whether the conduct grew out of or was committed in the course of the discharge of duties. The record is uncontradicted that the defendant's duties included the preparation and distribution of minutes. Whether the minutes were in bad taste, whether they were unprofessional or whether they were defamatory goes to the quality of the conduct and invokes examination under rules of liability.

Since there was no issue of fact before the trial court as to whether the distribution of minutes of the executive board meetings of the SLIC was a duty of defendant and, therefore, grew out of and in this case was in the course of the discharge of defendant's duties, that court properly granted the motion to dismiss. The act was within the "course of the discharge" of his duties and "grew out of" his duties, and, therefore, the notice of claimed injury by the plaintiff was required to be served on the attorney general within 120 days of the alleged injury pursuant to sec. 893.82(1), Stats. Since the notice was served eleven months after the alleged injury, the plaintiff was barred from bringing the action against the defendant.

*By the Court.*—The decision of the court of appeals is reversed.