Mr. Robert Thompson, Chair State Emergency Response Board 4802 Sheboygan Avenue, Room 99A Post Office Box 7865 Madison, Wisconsin 53707-7865
Dear Mr. Thompson:
You have asked for my opinion as to whether State Emergency Response Board (SERB) committee[1] members and Local Emergency Planning Committee (LEPC) subcommittee members are entitled to indemnity for damage liability under section 895.46 (1)(a), Stats., and legal representation by the attorney general under section 165.25 (6).
In my opinion both board members who sit on SERB committees and committee members who are not board members of SERB are entitled to indemnity for damage liability and legal representation under the terms of the statute. However, LEPC subcommittee members are entitled to indemnification and legal representation only to the extent that their duties as subcommittee members grow out of and are related to their duties as LEPC members.
As background you indicated that in 1986 Congress passed Title III of the Superfund Amendments and Reauthorization Act of 1986 (SARA), Pub.L. No. 99-499, which created hazardous chemical emergency planning and community right to know *Page 18 
responsibilities for communities. See sec. 166.20, Stats.;42 U.S.C.A. § 11001 et seq. (West Supp. 1992). To implement Title III, Congress required each state to appoint a state emergency response commission (SERC). 42 U.S.C.A. § 11001 (a). The SERCs, in turn, were required to divide their states into emergency planning districts and name a local emergency planning committee (LEPC) in each district. 42 U.S.C.A. § 11001 (b). In Wisconsin, each county is an emergency planning district and the county board is required to create a local emergency planning committee for the county. Sec. 59.07 (146)(a)1., Stats. Under section 166.20 (2)(a) and (c), the State Emergency Response Board is charged with the overall duty of carrying out the requirements of a SERC under the federal act and overseeing the implementation of the local emergency response plans by committees and providing assistance to committees.
You have advised that SERB committee members are appointed by the SERB chair. Not all SERB committee members are board members. SERB committee members do not receive compensation for their services. SERB committees have certain delegated responsibilities and they make recommendations to the board. The SERB committees include: administrative rules/legislative, compliance, plan review and evaluation, training, and LEPC advisory committees. The non-SERB members of these committees represent county LEPCs, county emergency government, citizens groups, and other state and local agencies.
Turning to your questions, the state's liability indemnity program extends to any state officer, employe or agent. Section895.46 (1)(a) provides for the indemnity itself for any damage liability to the state officer, employe or agent. An agent, for purposes of this program, excludes independent contractors; only those whose liabilities would be attributed to the principal under the rule of respondeat superior are agents. See Pavalon v.Fishman, 30 Wis.2d 228, 235, 140 N.W.2d 263 (1966); Cameron v.Milwaukee, 102 Wis.2d 448, 456-57, *Page 19 307 N.W.2d 164 (1981); 75 Op. Att'y Gen. 43 (1986); 75 Op. Att'y Gen. 49 (1986). Under the terms of the indemnification statute, the state is an excess indemnitor because it provides for indemnity for judgments "in excess of any insurance applicable." Section 165.25 (6) empowers the attorney general to represent individuals entitled to indemnity. Furthermore, section 893.82 requires that a notice of claim be filed with the attorney general as a condition precedent to commencing an action against such an officer, employe or agent. See generally, Ibrahim v. Samore, 118 Wis.2d 720, 726-27,348 N.W.2d 554 (1984); Carlson v. Pepin County, 167 Wis.2d 345,357, 481 N.W.2d 498 (Ct.App. 1992). These statutes operate together in pari materia as a complementary whole. Therefore, if SERB committee members and LEPC subcommittee members are state officers, employes or agents within section 895.46, they are entitled to indemnification for judgments rendered against them for conduct within the scope of their agency as well as to legal representation provided by the state.
It is essential to note that your inquiry concerns four separate categories of committee members. The categories are: 1) board members of SERB who also serve on SERB committees; 2) non-board members who serve on SERB committees; 3) LEPC members who also serve on LEPC subcommittees; and 4) non-LEPC members who serve on LEPC subcommittees.
The answer as to SERB committee members is yes. Board members serving on SERB committees are undoubtedly included within the indemnity and representation provisions. Even if they are uncompensated, the long standing and uninterrupted administration of the law has accorded members of state boards the status of being state officers within the meaning and purpose of the indemnity and representation statutes. Cf. Burton v. State AppealBoard, 38 Wis.2d 294, 301, 156 N.W.2d 386 (1968) (a public officer exercises some portion of the sovereign power of the state by law) citing Martin v. Smith, 239 Wis. 314, 332,1 N.W.2d 163 (1941) (an officer is one who is not subordinate *Page 20 
to any authority other than that of law). These members would be equally protected when serving on a related committee inasmuch as these services grow out of their duties as board members. See Ibrahim,118 Wis.2d at 728; Doe v. Ellis, 103 Wis.2d 581, 590-91,309 N.W.2d 375 (Ct.App. 1981).
It remains to ascertain whether members of SERB committees who are not also board members are subject to tort indemnification and legal representation under the terms of the statute. In order to make this determination it is necessary to consider whether these committee members are state officers, employes or agents under section 895.46.
Non-SERB committee members are not officers. By definition, an officer exercises some portion of the sovereign power of the state and is not subordinate to any authority other than that of the law. See Burton, 38 Wis.2d at 301, Martin, 239 Wis. at 332. You have advised that committee members are subordinate to the board. The committees act only under the direction of the SERB.
However, non-SERB committee members are entitled to indemnity under the terms of the statute because they are state agents. Whether an agency relationship exists turns on such facts as the extent of control over the details of the work, whether the worker is engaged in a distinct occupation or business apart from that of the party desiring the services, the place of work, the time of employment, the method of payment, the right of summary discharge, the nature of the business, which party furnishes the tools, and the intent of the parties. Pavalon, 30 Wis.2d at 236. The single most important factor is the extent of control retained over the details of the work. Kablitz v. Hoeft, 25 Wis.2d 518,521, 131 N.W.2d 346 (1964).
You have advised that all committee decisions are subject to approval by SERB. The board has full control over the details of work done by its committees. So long as the SERB committee members act to carry out the functions of the board, they will be regarded as agents of the state within the meaning of section895.46 (1)(a). In that capacity they will be entitled to *Page 21 
indemnification for any judgment rendered against them for conduct within the scope of their agency and they will be entitled to legal representation provided by the state.
You also asked whether LEPC subcommittee members are entitled to indemnity for damage liability under section 895.46 (1)(a), and legal representation by the attorney general under section165.25 (6). You have advised that LEPC membership is appointed by the county board and approved by the SERB. Members and non-members of the LEPC may sit on its subcommittees. However, non-LEPC subcommittee members are generally appointed by the LEPC and are not presented to the SERB for approval. Typically, LEPC subcommittee members do not receive compensation for their activities. LEPC subcommittee membership may include state and local elected officials; police, fire and health officials; representatives of environmental groups; transportation and media representatives; community groups; representatives of local facilities; and other individuals.
You indicated that LEPC subcommittee members may perform a wide range of tasks, including providing facilities with technical assistance in filing reports required under federal and state hazardous material reporting requirements, serving as an LEPC compliance inspector pursuant to section 166.20 (7m), and drafting plans for response to the release of hazardous substances from a specific facility, which are included as a component in the local emergency response plan. You are specifically concerned with the indemnity and legal representation of LEPC subcommittee activities which include reviewing facility emergency response plans for presentation and recommendation for approval by the LEPC.
Members of the LEPC who serve on LEPC subcommittees receive indemnity protection under section 895.46, which states the following:
 State and political subdivisions thereof to pay judgments taken against officers. (1)(a). . . .
. . . . *Page 22 
 (e) . . . [A]ny local emergency planning committee appointed by a county board under s. 59.07 (146) (a) and all members of such a committee, are state officers, employes or agents for the purposes of this subsection.
Section 59.07 (146) provides:
 LOCAL EMERGENCY PLANNING COMMITTEES. (a) The board shall do all of the following:
 1. Create a local emergency planning committee, with members as specified in 42 U.S.C. § 11001 (c), which shall have the powers and duties established for such committees under 42 U.S.C. § 11000 to 11050 and under ss. 166.20 and 166.21.
The statute specifically states that any LEPC committeeappointed by a county board under section 59.07 (146)(a) and all members of such a committee are entitled to indemnity under section 895.46. Section 895.46 also states that all members of such a committee are state officers, employes or agents for the purposes of that subsection.
Members of a LEPC committee are likewise entitled to legal representation by the attorney general. Section 165.25 provides that the attorney general will represent departments of state government and section 165.25 (8m) states the following:
 LOCAL EMERGENCY PLANNING COMMITTEES. In subs. (1), (6) and (6m), treat any local emergency planning committee appointed by a county board under s. 59.07
(146) (a) as a department of state government and any member of such a committee as a state official, employe or agent.
To the extent that their duties as subcommittee members grow out of and are related to their duties as LEPC members, in my opinion, LEPC committee members who serve as subcommittee members are entitled to indemnification under the statute. However, only subcommittee members who are LEPC members benefit by the indemnification provision of section 895.46 (1)(e). *Page 23 
There is, however, no indication that subcommittee members who are not LEPC members are entitled to indemnity and legal representation under the statute. Under the plain language of section 59.07 (146)(a), the statute provides for a LEPC for each county. Hence, the statutory scheme and the federal law under42 U.S.C.A. § 11001 (b) (West Supp. 1992) mandate a single LEPC committee for each county. Therefore, LEPC subcommittee members who are not members of the LEPC are not reached by the indemnification provision of section 895.46 (1)(e).
For these reasons, it is my opinion that, where the requirements of the statutes have been satisfied the state would pay the judgment entered, in the course of their agency, against a SERB committee member or an LEPC member to the extent that their duties as subcommittee members grow out of or are related to their duties as LEPC members.
Sincerely,
 James E. Doyle Attorney General
[1] Although the original inquiry referred to SERB committees operating under SERB as SERB subcommittees, these committees will be referred to as SERB committees in this opinion. Because SERB is a Board it cannot have a subcommittee without having a committee. A subcommittee is by definition a division of a committee. *Page 24