ROBERT P. RUSSELL, Corporation Counsel Milwaukee County
Assistant Corporation Counsel Robert A. McKnight of your office has requested my opinion on three questions relating to civil commitments under ch. 51, Stats., and protective placements under sec. 55.06, Stats.
I
The first question is related to sec. 55.06 (1)(c), Stats., which provides: "If requested by the court, the district attorney or corporation counsel shall assist in conducting proceedings under this chapter."
Section 55.06, Stats., is concerned with procedures to provide protective placement of wards and proposed wards who are or are alleged to be developmentally disabled or have special needs because of infirmities of aging or other like incapacities. Under the section, petition for protective placement and for guardianship can be made by the State Department of Health and Social Services, a county or private agency, a guardian or any interested person.
Your first question is whether sec. 55.06 (1)(c), Stats., imposes a duty on the district attorney and corporation counsel to "represent" the petitioners in ch. 55 proceedings.
I am of the opinion that the provisions of sec. 55.06 (1) (c), Stats., do not impose a duty on such officers to represent the petitioners. The duty imposed is to assist the court, if requested, and such duty could *Page 98 
involve assistance in presentation of evidence, limited investigation and the drafting of certain necessary papers relating to the proceeding. The duties are similar to those required under former sec. 51.02 (3), Stats., which in 1968 provided that "[i]f requested by the judge, the district attorney shall assist in conducting proceedings under this chapter."
That section, which is similar to sec. 55.06 (1) (c), Stats., was construed in 57 Op. Att'y Gen. 122 (1968) as not including the duty to draft routine papers such as notices of hearing and findings of fact. Please see the discussion in that opinion. Present sec. 51.20 (5), Stats., places a somewhat broader duty on the district attorney or corporation counsel with respect to assistance in ch. 51 proceedings.
A district attorney or corporation counsel may have a duty by reason of secs. 59.47 (1), 59.456 (1) and (5), Stats., and any ordinance creating the office of corporation counsel in a county under 500,000, to represent a petitioner where the state department or a county agency is the petitioner. Section 55.06, Stats., recognizes the right of a petitioner to legal counsel and provides for a guardian ad litem in certain cases. See sec. 55.06
(1)(a) and (b), (5), (6) and (17), Stats. Even where petitioners are represented by private legal counsel and a guardian ad litem has been appointed, there may be occasions where the district attorney or corporation counsel could appear for the interests of the state and county. See discussion in 25 Op. Att'y Gen. 549, 551, 552 (1936), 42 Op. Att'y Gen. 231 (1953) and 57 Op. Att'y Gen. 122 (1968). In my opinion, if a situation arises where there is a conflict between the duty of such officer to assist the court and a duty to represent state or county petitioners or the general interests of the county, such officer should apprise the court of such conflict and request to be relieved from duties of assisting the court.
II
Your second question involves sec. 55.06 (9)(a), Stats., which provides:
 The court may order protective services under s. 55.05 (2) (d) as an alternative to placement. When ordering placement, the court, on the basis of the evaluation and other relevant evidence shall order placement through the appropriate board *Page 99 designated under s. 55.02 or an agency designated by it. Placement shall be made in the least restrictive environment consistent with the needs of the person to be placed. Factors to be considered in making protective placement shall include the needs of the person to be protected for health, social or rehabilitative services and the level of supervision needed. Placement under this section does not replace commitment of a person in need of acute psychiatric treatment under s. 51.20 or 51.45 (13). Placement may be made to such facilities as nursing homes, public medical institutions, centers for the developmentally disabled, foster care services and other home placements, or to other appropriate facilities but may not be made to units for the acutely mentally ill. The prohibition of placements in units for the acutely mentally ill does not prevent placement by a court for short-term diagnostic procedures under par. (d). Placement in a locked unit shall require a specific finding of the court as to the need for such action. A placement facility may transfer a patient from a locked unit to a less restrictive environment without court approval.
You state that you are often faced with a situation wherein a person is an appropriate subject for guardianship or prospective placement, but due to the peculiar needs of the individual, an appropriate facility is unavailable at the time of the final hearing.
You inquire:
 Under sec. 55.06 (9)(a), Stats., and especially the second sentence thereof, "is it appropriate for the court to order placement to the local board or agency while a facility is being sought?"
You state that you "believe the intent of the law is to present to the court all the information necessary to permit the court to reach a determination as to the type of facility and level ofservicesr required for the individual and that the court is thento order the agency or board to provide what has been ordered as soon as possible." (Emphasis added.)
I am of the opinion that the answer to your question is no. The statute does not contemplate placement "to" a board designated under sec. 55.02, Stats., or an agency designated by it but rather *Page 100 
"through" such board or agency. Whereas it is the duty of the designated board or state department to provide an appropriate facility or contract for one, the statute contemplates that placement be to a facility which is in existence and available or contracted for and available. The court does the placing. Under sec. 55.06 (8), Stats., the board or designated agency has a duty to "cooperate with the court in securing available resources."
After initial placement by the court, the "guardian or placement facility" may transfer the ward between placement units or to a medical facility without prior court approval. Where transfer is to a more restrictive placement, prior court approval is needed in certain cases. See sec. 55.06 (9)(b), (c), (d) and (e), Stats.
III
Your third question is:
 May a detention order issue under s. 51.20 (2) against a person who is a voluntary inpatient at a mental health facility at the time a three-party petition is filed, if the petition alleges all of the information required under s. 51.20 (1), and if the "individual presents a substantial risk of serious physical harm to himself or herself or to others based on information regarding recent overt acts, attempts or threats to inflict such harm to the subject individual or to others"?
I am of the opinion that it can.
The legislative intent of ch. 51, Stats., includes the proposition that there be provision for a full range of treatment and rehabilitation services and that the least restrictive treatment alternatives are to be utilized. See sec. 51.001 (1), Stats. Section 51.001 (2), Stats., provides: "to protect personal liberties, no person who can be treated adequately outside of a hospital, institution or other inpatient facility may be involuntarily treated in such a facility."
Provisions of the statute provide for outpatient treatment and for voluntary admissions for treatment.
All of this does not mean, however, that there may not be need for involuntary commitment of a person who has been voluntarily admitted to some facility for treatment. I agree with the position taken by your office. If the petition demonstrates facts sufficient to warrant *Page 101 
the issuance of a detention order, the fact that the subject individual has voluntarily entered a mental health facility does not prevent the court from issuing a detention order, appointing counsel and immediately scheduling a probable cause hearing.
This conclusion is in part based upon sec. 51.20 (1)(a), Stats., which requires the state to prove that the person is a proper subject for involuntary treatment and that voluntary treatment is inappropriate. Support is also found in sec. 59.20
(9)(b), Stats., renumbered from sec. 59.20 (10)(b), Stats., by ch. 428, Laws of 1977, which requires the court-appointed examiner to make a recommendation "concerning the appropriate level of treatment" and concerning "the level of inpatient facility which provides the least restrictive environment consistent with the needs of the individual." Finally, sec. 51.20
(13)(a)3., Stats., renumbered from sec. 51.20 (14)(a)3., Stats., by ch. 424, Laws of 1977, requires the court, in considering disposition, to decide between inpatient and outpatient care. Thecourt rather than the subject involved is to determine whether involuntary commitment is required to deliver the type and level of treatment which is required. I am aware that there are certain checks on voluntary admissions. See sec. 51.10, Stats. Section51.10 (5)(c) and (6), Stats., amended and renumbered from sec.51.10 (e)3. and (f) by ch. 428, Laws of 1977, indicate some preference for voluntary admissions over involuntary commitments but provide that the discretion is with the court.
BCL:RJV