EUGENE R. DUMAS, Corporation Counsel Sauk County
You have written as follows:
 Your Opinion is requested as to the financial responsibility for transportation costs of individuals involved in Chapter 51 proceedings. Specifically, your interpretation of Section 51.20 (15), Wis. Stats., is sought to resolve a dispute between certain county officials as to whether the 51.42 Board is responsible for all transportation costs once an individual has been initially admitted to a facility operated by the Board pursuant to Section 51.15, Wis. Stats.
 One possible position is that the sheriffs responsibility ends when the patient has been taken into custody and transported to the inpatient unit of the 51.42 facility. Under this view, the sheriff may refuse to continue to transport such patients to the probable cause and subsequent court hearings if the 51.42 Board continues to refuse to reimburse the sheriff for such later transportation.
Assuming the reference to sec. 51.20 (15), Stats., should be sec. 51.20 (14), Stats., the questions may be stated:
1. Does the sheriff's responsibility for transporting end after delivering a patient to the inpatient unit of a 51.42 or 51.437 facility? Or, does the sheriff's responsibility continue thereafter so that he/she *Page 224 
must provide transportation between the facility and the court during hearings on the petition?
2. Is the sheriff's duty to transport contingent upon reimbursement from the 51.42 or 51.437 board?
In my opinion the sheriff's duty continues throughout the proceedings and is not contingent upon reimbursement from the 51.42 or 51.437 board
Section 51.20 (14), Stats., provides:
 Transportation; expenses. The sheriff or any law enforcement officer shall transport an individual who is the subject of a petition and execute the commitment, or any competent relative, friend or member of the staff of a treatment facility may assume responsibility for the individual and transport him or her to the inpatient facility. The director of the board established under s. 51.42 or 51.437 may request the sheriff to provide transportation for a subject individual or may arrange any other method of transportation which is feasible. The board may provide reimbursement for the transportation costs from its budgeted operating funds.
This subsection admittedly is not a model of clarity. While the sheriff or other law enforcement officer "shall transport," friends or relatives "may assume responsibility . . . and transport him or her to the inpatient facility." Taken alone and apart from the rest of the subsection, it would appear that the law officer's duty is mandatory because of the use of the word "shall," but that friends and relatives have a right or privilege to transport because of the use of the word "may." Moreover, it would appear that the sheriff's duty is unlimited whereas friends and relatives may exercise their right or privilege only in respect to transporting "to the inpatient facility." The next sentence, however, suggests that the friends and relatives have no right to transport but that the director of the respective boards "may arrange any other method of transportation" but without limitation as to whether it is merely to the facility.
In any event, it is certain that the only restriction, if any there be, to transporting to the inpatient facility is on the friends and relatives, but not on the law enforcement officer. There is no limitation in this subsection suggesting that the officer shall transport to the facility *Page 225 
but not back and forth between the facility and the court as the proceedings transpire and may require. It appears more reasonable to conclude that the Legislature vested in the directors the discretion to determine in particular situations whether the transportation shall be by the officer or by others.
It also is clear that the sheriff's duty is not contingent upon receiving monies from the respective boards. At the most the boards are given discretion whether to make payments, and it probably was the legislative intent to grant discretion whether to make payments to the friends and relatives who might be called upon to provide the transportation. This construction is consistent with the long-standing rule that public officers take their offices cum onere, and services required of them by law for which they are not specifically paid must be considered compensated by the fees allowed for other services or by their official salaries. Dodge County v. Kaiser, 243 Wis. 551, 559-560,11 N.W.2d 348 (1943). Also see, Geyso v. Cudahy, 34 Wis.2d 476,488, 149 N.W.2d 611 (1967).
BCL:CDH