MICHAEL J. DEVANIE, District Attorney Rusk County
You request my opinion on whether sec. 59.47(14), Stats., requires a district attorney to handle all child support matters for the Department of Health and Social Services.
In general, if proper request is made, the answer is yes, assuming there is some substantial relationship with the county. Residence, venue or physical presence within the county of one or more of the persons or parties involved may be material factors. *Page 149 
Section 59.47, Stats., sets forth many of the duties of a district attorney.[1] Section 59.47(14), Stats., provides:
 Cooperate, as necessary, with the county and the department of health and social services in establishing paternity and establishing and enforcing child support under the child support and establishment of paternity program under s. 46.25, including, but not limited to, representation of individuals not receiving assistance under s. 49.19. Upon the request and under the supervision and direction of the attorney general, brief and argue all such cases brought by appeal or writ of error or certified from his or her county to the court of appeals or supreme court.
Section 46.25(7), Stats., provides:
 The department may represent the state or any individual in any action to establish paternity or to establish or enforce a child support obligation. The department shall delegate its authority to represent the state or any individual in any action to establish paternity or to establish or enforce a child support obligation under this section to the district attorney, or corporation counsel when authorized by county board resolution, pursuant to a contract entered into under s. 59.07(97), except that if the district attorney, or corporation counsel when authorized by county board resolution, neglects or refuses to represent the obligee in a child support or paternity action, the department may undertake the representation.
Limits of time available and human resources may make it impossible for a district attorney to handle every child support matter requested by the county or state departments. Such factors do not remove the duty to act or, in lieu thereof, to request the circuit court to appoint an attorney or attorneys to assist the district attorney in criminal or civil litigation pursuant to sec. 59.44(2), (3), (4), Stats. A district attorney has a great deal of discretion in determining whether to institute a criminal prosecution in a given situation. State *Page 150 v. Kenyon, 85 Wis.2d 36, 45, 270 N.W.2d 160 (1978). I am of the opinion that such officer also has discretion with respect to the prosecution of civil matters in which the county and the state are interested.
The county board has power to authorize a district attorney to appoint one or more assistant district attorneys pursuant to sec.59.45, Stats., who may be compensated pursuant to sec. 59.15(2), Stats. The county board can also create the office of county corporation counsel pursuant to sec. 59.07(44), Stats., and provide that such officer carry out specified duties with respect to civil matters. Such subsection provides in part:
 Whenever any of the powers and duties conferred upon the corporation counsel are concurrent with similar powers or duties conferred by law upon the district attorney, the district attorney's powers or duties shall cease to the extent that they are so conferred upon the corporation counsel and the district attorney shall be relieved of the responsibility for performing such powers or duties.
The duties of district attorneys are identical irrespective of whether the office is compensated on a part-time or full-time basis. Your concerns as to lack of sufficient personnel should be directed to the county board of supervisors and the circuit judge.
You also inquire what duty, if any, a district attorney has to represent the county in "CHIPS" petitions, alcohol commitments, mental commitments, guardianships and conservatorships.
Your questions are so general that complete answers cannot be given here. Please review 62 Op. Att'y Gen. Preface (1973), which sets forth the requirements to be observed by district attorneys and county corporation counsel when requesting an opinion of the Attorney General.
Your attention is directed to the following provisions of sec.59.47, Stats., which provides in part:
The district attorney shall: *Page 151 
 (1) Prosecute or defend all actions, applications or motions, civil or criminal, in the courts of his county in which the state or county is interested or a party; and when the place of trial is changed in any such action or proceeding to another county, prosecute or defend the same in such other county.
 (2) Prosecute all criminal actions before any court for her or his county, other than those exercising the police jurisdiction of incorporated cities and villages in cases arising under the charter or ordinances thereof, when requested by the court; and upon request by the court, conduct all criminal examinations which may be had before the court, and prosecute or defend all civil actions before the courts in which the county is interested or a party.
. . . .
 (3) Give advice to the county board and other officers of his county, when requested, in all matters in which the county or state is interested or relating to the discharge of the official duties of such board or officers; examine all claims against the county for officers', interpreters', witnesses' and jurors' fees in criminal actions and examinations when presented to the county board, and report in writing thereto as to the liability of the county to pay the same.
. . . .
 (11) Perform any duties in connection with court proceedings in a court assigned to exercise jurisdiction under ch. 48 as the judge may request.
. . . .
 (14) Cooperate, as necessary, with the county and the department of health and social services in establishing paternity and establishing and enforcing child support under the child support and establishment of paternity program under s. 46.25, including, but not limited to, representation of individuals not receiving assistance under s. 49.19. Upon the request and under the supervision and direction of the attorney general, brief and argue all such cases brought by appeal or writ of error or certified from his or her county to the court of appeals or supreme court. *Page 152 
I assume that your reference to a "CHIPS" petition is concerned with sec. 48.13, Stats., which grants the court exclusive jurisdiction over "a child alleged to be in need of protection or services." Section 48.09, Stats., provides, in part:
 The interests of the public shall be represented in proceedings under this chapter as follows:
. . . .
 (5) By the district attorney or, if designated by the county board, by the corporation counsel, in any matter arising under s. 48.13.
Alcohol commitments are made under sec. 51.45(12), (13), Stats., which are a part of ch. 51, Stats. I am of the opinion that sec. 51.20(4), Stats., which requires the district attorney to represent the public interest with respect to mental commitments, is applicable to proceedings under sec. 51.45, Stats., which is in the same chapter. It provides: "The district attorney or, if designated by the county board of supervisors, the corporation counsel or other counsel shall represent the interests of the public in the conduct of all proceedings under this chapter, including the drafting of all necessary papers related to the action."
This statute and sec. 59.47(1), Stats., make it the duty of the district attorney to act with respect to alcohol commitments where the county board has not assigned such duties to the corporation counsel. The duties imposed on the district attorney by sec. 51.20(4), Stats., are broader than those attending under sec. 51.02(3), Stats. (1967), which was discussed in 57 Op. Att'y Gen. 122 (1968).
It is impossible to set forth all of the circumstances under which a district attorney is allowed or required to initiate a guardianship petition. Section 880.295(1), Stats., utilizes the words "may apply" with respect to power of the district attorney. That subsection provides in part:
 When a patient in any state or county hospital or mental hospital or in any state institution for the mentally deficient, or a resident of the county home or infirmary, appears in need of a guardian, and does not have a guardian, the department of *Page 153 
health and social services by its collection and deportation counsel, or the county corporation counsel or district attorney if there is no corporation counsel, may apply to the circuit court of the county in which the patient resided at the time of commitment or the circuit court of the county in which the facility in which the patient resides is located for the appointment of a guardian of the person and estate, or either, or for the appointment of a conservator of the estate, and the court, upon the application, may appoint the guardian or conservator in the manner provided for the appointment of guardians under ss. 880.08(1) and 880.33 or for the appointment of conservators under s. 880.31. If application is made by a district attorney or corporation counsel, a copy of the petition made to the court shall be filed with the department of health and social services. If application is made by a corporation counsel or district attorney for appointment of a guardian of the estate of the patient or resident, or by the patient or resident for appointment of a conservator of the patient's or resident's estate, the court may designate the county as guardian or conservator if the court finds that no relative or friend is available to serve as guardian or conservator . . . .
Under sec. 880.03, Stats., "[a] 11 minors, incompetents and spendthrifts are subject to guardianship." Section 880.07(1), Stats., specifically includes "[a] ny . . . public official" in the list of persons eligible to petition for guardianship.
In 42 Op. Att'y Gen. 231 (1953), it was stated that county officers charged with the administration of social security aids have authority, under proper circumstances, to institute guardianship proceedings in behalf of recipients of social security aids and that in such cases, by reason of sec. 59.47, Stats., it is the duty of the district attorney to furnish legal services. Section 59.47(1), Stats., provides that a district attorney shall "[p]rosecute or defend all actions, applications or motions, civil or criminal, in the courts of his county inwhich the state or county is interested or a party."
I conclude that although the district attorney may have discretion as to whether to apply to a court for appointment of a guardian under sec. 880.295(1), Stats., such officer does have a duty to prosecute an *Page 154 
application for guardianship in cases where application is made by a county social services official, pursuant to secs.880.07(1), 880.295(1), Stats., and where there is a state orcounty interest.
BCL:RJV
[1] Other statutes impose duties upon the office with respect to many specific areas of the law. See general index of the Wisconsin statutes under heading "DISTRICT ATTORNEY."