RALPH E. SHARP, JR., Corporation Counsel, Dodge County
You indicate that Dodge County does not have a secure juvenile detention facility and therefore has entered into a contract with Waukesha County for the purchase of secure detention bed space for juveniles. Payment for such bed space is made from the budget of the sheriff's department. You also indicate that the juvenile court in your county has recently started to order the detention of various categories of juveniles other than those who have been adjudicated delinquent or against whom delinquency petitions have been filed. Apparently, at the time the contract was signed, it was not contemplated that the sheriff's department would incur costs in connection with proceedings other than delinquency proceedings. You therefore ask whether a county sheriff or a county department of social services is statutorily liable for costs incurred as a result of court-ordered placement in the out-of-county juvenile detention facility for (a) a status offense/violation; (b) violation of a state or federal criminal law; (c) a habitual runaway awaiting further court proceedings; or (d) failure to appear in response to a summons.
I am of the opinion that no statute requires that such costs be paid either by the county sheriff's department or by the county *Page 9 
welfare department. It is therefore the obligation of the county board to determine the department to which such costs should be budgeted.
In general, allocation of costs between county departments is the prerogative of the county board. Section 65.90 (2), Stats., provides as follows:
 Such budget shall list all existing indebtedness and all anticipated revenue from all sources during the ensuing year and shall likewise list all proposed appropriations for each department, activity and reserve account during the said ensuing year. Such budget shall also show actual revenues and expenditures for the preceding year, actual revenues and expenditures for not less than the first 6 months of the current year and estimated revenues and expenditures for the balance of the current year. Such budget shall also show for informational purposes by fund all anticipated unexpended or unappropriated balances, and surpluses.
Under section 48.22 (1)(a), the decision as to whether a secure detention facility should be established or provided rests with "[t]he county board of supervisors. . . ." Although chapter 48 is replete with references to duties prescribed by law upon county social services departments in connection with the administration of the juvenile justice system, nothing in that chapter expressly requires that the costs incurred as a result of placement in a secure detention facility must be allocated to the county social services department, if the county board chooses to establish such a facility.
Section 48.06 (2)(a) does provide in part as follows:
 In counties having less than 500,000 population, the county board of supervisors shall authorize the county department or court or both to provide intake services required by s. 48.067 and the staff needed to carry out the objectives and provisions of this chapter under s. 48.069. Intake services shall be provided by employes of the court or county department and may not be subcontracted to other *Page 10 
individuals or agencies, except any county which had intake services subcontracted from the county sheriff's department on April 1, 1980, may continue to subcontract intake services from the county sheriff's department.
Under section 48.06 (2), your county social services department can be assigned the duty and charged with the concomitant cost of providing intake services. But placement in a secure detention facility under any of the four situations you describe cannot be characterized as an intake service "for the purpose of screening children taken into custody and not released under s. 48.20 (2)" within the meaning of section 48.067 (1) or as any other duty performed by an intake worker pursuant to section 48.067 (2)-(9). The Legislature also did not see fit to impose any prohibition on the provision of secure detention facilities comparable to that imposed on sheriffs departments under section 48.06 (2)(a) in connection with the provision of intake services.
It is remotely possible that costs incurred in some of the circumstances you describe may be contained in the budget submitted by your county social services department to the Wisconsin Department of Health and Social Services pursuant to section 46.031 (1)(a). To that extent, your county social services department's approved budget becomes a "contract containing the allocation of funds and such administrative requirements as necessary." Sec. 46.031 (2g)(a), Stats. However, any of the costs you describe which are not contained in the budget submitted pursuant to section 46.031 (1)(a) do not have to be included in the budget of your county social services department.
You have also given no indication that any other statute relating to the county budgeting process is applicable to the fact situation you describe. In OAG 38-82 (May 20, 1982) (unpublished) at 2, it was stated that "[a] single county sec. 51.42
board . . . is not an independent agency or body corporate and is not sui juris, but, rather, is a county agency." The same is true of a county social services department and a county sheriff's department, although a sheriff does retain some residual *Page 11 
independence by virtue of his or her status as a constitutional officer. Absent some statutory provision to the contrary, the county board is therefore free to determine how the cost of placement in a secure juvenile detention facility will be allocated to its constituent agencies or departments.
You next ask whether a sheriff is statutorily obligated to comply with an order of the juvenile court commanding the sheriff to transport a juvenile to or from a secure detention facility.
In my opinion, the answer is yes.
Section 59.23 provides in part as follows:
Sheriff; duties. The sheriff shall:
. . . .
 (4) Personally, or by his undersheriff or deputies, serve or execute according to law all processes, writs, precepts and orders issued or made by lawful authority and to him delivered.
Under section 48.19 (1)(a), any judge may issue a warrant to take a juvenile into custody. Section 48.19 (1)(b) and (c) also specifically authorizes a juvenile judge to issue a capias or a court order to take a juvenile into custody. In addition, a juvenile court possesses the same inherent powers as any other court. See
70 Op. Att'y Gen. 98 (1981).
In 50 Op. Att'y Gen. 47, 49 (1961), it was stated that, even in connection with municipal ordinance violations, section 59.23 (4) obligates the sheriff to provide transportation pursuant to any warrant issued by a judge "because such warrants are directed to the sheriff and he has a duty to execute such process." You do not suggest that an order requiring the sheriff to provide transportation to or from a secure detention facility is beyond the statutory or inherent power of a court. Section 59.23 (4) therefore obligates a sheriff to comply with any such order.
Assuming without deciding that a sheriff may in some circumstances be entitled to reimbursement from some other *Page 12 
county department for the provision of such transportation services, I also cannot accept your suggestion that the sheriff may insist on prepayment from that department in connection with court-ordered transportation. In a somewhat related context, the following statement was made in 68 Op. Att'y Gen. 223, 225 (1979):
 It also is clear that the sheriff's duty [to provide transportation] is not contingent upon receiving monies from the respective boards. . . . This construction is consistent with the long-standing rule that public officers take their offices cum onere, and services required of them by law for which they are not specifically paid must be considered compensated by the fees allowed for other services or by their official salaries.
In my opinion, the quoted language is equally applicable with respect to a sheriff's obligation to provide transportation to juveniles.
Finally, you ask whether section 302.34, as renumbered by 1989 Wisconsin Act 31, section 1649, authorizes the sheriff "to select alternative juvenile detention facilities for use that are contrary to the direction provided in . . . [a] [c]ourt [o]rder."
In my opinion, the answer is no.
Section 302.34 provides in part that "[c]ourts, judges and officers of any county having no jail and no cooperative agreement under s. 302.44 may sentence, commit or deliver any person to the jail of any other county as if that jail existed in their own county."
The term "secure detention facility" is defined in section48.02 (16). That term is not synonymous with the term "jail." Under section 48.209 (1)(a), as amended by 1989 Wisconsin Act 31, section 1188, a juvenile may be held in a county jail only if no other secure detention facility is available and "[t]he jail meets the standards for secure detention facilities established by the department of corrections." That apparently is not the case *Page 13 
with respect to your county jail. Section 48.209 (2) also permits a judge, after hearing, to transfer a juvenile who becomes violent from a secure detention facility to a jail. You have a county jail which may be used for that purpose.
In short, your county has a jail as well as a cooperative agreement with Waukesha County for the provision of secure detention facilities. Section 302.34 therefore has no application to the detention of juveniles by your county.
DJH:FTC *Page 14