RALPH E. SHARP, JR., Corporation Counsel County of Dodge
You ask five questions related to the conduct of involuntary civil commitment proceedings by the corporation counsel under chapter 51, Stats.
Your first question is as follows: "Who does the Corporation Counsel represent in the conduct of all proceedings under Chapter 51 of the Wisconsin Statutes, when he represents `. . . the interests of the public. . .'?"
In my opinion, the overriding obligation of the corporation counsel is to represent the interest of the public at large, as opposed to the interest of any governmental entity.
Section 51.20 (4) provides as follows:
 PUBLIC REPRESENTATION. Except as provided in ss. 51.42 (3) (ar) 1 and 51.437 (4m) (f) . . . the corporation counsel . . . shall represent the interests of the public in the conduct of all proceedings under this chapter, including the drafting of all necessary papers related to the action.
68 Op. Att'y Gen. 97, 97-98 (1979), contains the following statement:
 I am of the opinion that the provisions of sec. 55.06
(1)(c) [regarding protective placement proceedings], Stats., do not impose a duty on such officers to represent the petitioners. The duty imposed is to assist the court, if requested, and such duty could involve assistance in presentation of evidence, limited investigation and the drafting of certain necessary papers relating to the proceeding. The duties are similar to those required under former sec. 51.02 (3), Stats., which in 1968 provided that "[i]f requested by the judge, the *Page 130 
district attorney shall assist in conducting proceedings under this chapter."
The duties of the corporation counsel under the involuntary commitment statute referred to in 68 Op. Att'y Gen. at 97 are summarized in 57 Op. Att'y Gen. 122, 124 (1968). The "interests of the public" referred to in section 51.20 (4) were first described in 25 Op. Att'y Gen. 549, 553 (1936):
 [I]t is of public interest that all the facts in the case be presented and considered by someone who is not prejudiced. If the district attorney, after investigation into the matter, believes that it would be error to find the individual insane, he should present these facts to the court. On the other hand, if he believes from the facts that commitment of the individual is better for the general public it is his duty to so inform the court.
Many of these authorities suggest that the state or county may also have an interest in involuntary civil commitment proceedings. 57 Op. Att'y Gen. at 125-26 (collecting authorities). That may be particularly true where a county or state official acting in his or her official capacity petitions for involuntary commitment. 68 Op. Att'y Gen. at 98. Compare 70 Op. Att'y Gen. 148, 153 (1981).
In most cases, the corporation counsel will have determined the interests of the county, the state and the public to be the same. If not, it was stated in 68 Op. Att'y Gen. at 98 as follows:
 [I]f a situation arises where there is a conflict between the duty of such officer to assist the court and a duty to represent state or county petitioners or the general interests of the county, such officer should apprise the court of such conflict and request to be relieved from duties of assisting the court.
Your second question is "which agency, if any, of the County of Dodge, has supervisory authority over the Corporation Counsel in the conduct of all proceedings under Chapter 51?" *Page 131 
In my opinion, such conduct is subject to review by the county board and by the county executive or county administrator, if one exists in your county.
Section 59.07 (44) empowers the county board "in counties not having a population of 500,000 or more, [to] employ a corporation counsel, and fix his salary." In addition, section 59.457 provides as follows:
 Corporation counsel; attorney designee. In lieu of employing a corporation counsel under s. 59.07 (44) or in addition to employing a corporation counsel under s. 59.07 (44) or 59.455, a county board shall designate an attorney to perform the duties of a corporation counsel as the need arises. Two or more counties may jointly designate an attorney to perform the duties of a corporation counsel. If an attorney has been designated to perform the duties of a corporation counsel, that person may exercise any powers and perform any duties of the corporation counsel.
In 72 Op. Att'y Gen. 161 (1983), the appointment, supervision and removal of the corporation counsel was discussed. That opinion indicates that the power of supervision concerning administrative and management functions exercised by the corporation counsel rests with the county executive or county administrator, while the power of supervision concerning any legislative and policy-making functions exercised by the corporation counsel rests with the county board. 72 Op. Att'y Gen. at 164-65.
If your county has no county executive or county administrator, then all powers of supervision over the corporation counsel are vested in the county board. However, in connection with chapter 51, the activity that is usually subject to supervision is the representation of the public interest.
Your third question is "which agency, if any, of the State of Wisconsin, has supervisory authority over the Corporation Counsel in the conduct of all proceedings under Chapter 51?" *Page 132 
In my opinion, no state agency exercises continual supervision over the county corporation counsel in connection with those activities conducted under chapter 51, since the corporation counsel is employed by the county rather than the state or any of its agencies. A corporation counsel may, however, have an obligation to consult with and advise state officials, such as those in the Wisconsin Department of Health and Social Services, in particular involuntary commitment proceedings in the course of the performance of those duties required under sections 51.20 (4) and 59.07 (44).
The department also has a contractual relationship with your county under section 46.031 (2g)(a). See 79 Op. Att'y Gen. 8, 10 (1990). A corporation counsel's actions under chapter 51 should not be inconsistent with the provisions of that contract.
Your fourth question is "[t]o what extent, if at all, does the Corporation Counsel have prosecutorial discretion with respect to the manner in which his duty to represent the interests of the public in Chapter 51 . . . [is] performed?"
In my opinion, the corporation counsel has broad discretion as to how involuntary civil commitment proceedings will be conducted, but such discretion has been circumscribed by the Legislature in certain respects and remains subject to review by the county board and by the county executive or county administrator, if one exists in your county.
The discretion of the district attorney or corporation counsel in various kinds of civil proceedings was discussed in 78 Op. Att'y Gen. 171 (1989) (wage claims), 78 Op. Att'y Gen. 166 (1989) (town forfeiture actions) and 70 Op. Att'y Gen. 148 (1981) (child support and paternity; CHIPS; involuntary commitment; guardianship).
While "the district attorney [generally] is not answerable to any other officer of the state in respect to the manner in which he exercises those powers," State ex rel. Kurkierewicz v. Cannon,42 Wis.2d 368, 378, 166 N.W.2d 255 (1969), a county board electing to have the corporation counsel exercise such powers *Page 133 
pursuant to section 59.07 (44) obtains a greater measure of control over those activities, since the corporation counsel is not a constitutional officer. In all other respects, the discretion exercised by the corporation counsel in connection with the conduct of those activities is equivalent to the discretion exercised by the district attorney had he or she performed such activities.
In 70 Op. Att'y Gen. at 150, it was stated that the district attorney or corporation counsel "has discretion with respect to the prosecution of civil matters in which the county and the state are interested." However, "it is equally clear that the legislature may, if it desires, spell out the limits of the district attorney's discretion and can define the situations that will compel him to act in the performance of his legislatively prescribed duties." Kurkierewicz,42 Wis.2d at 380.
Section 51.20 (4) provides that "the corporation counsel . . . shall represent the interests of the public." A corporation counsel has no discretion to refuse to represent the public interest unless other counsel has been appointed to represent that interest. Similarly, section 51.20 (8)(bg) authorizes the corporation counsel to enter into settlement agreements under certain circumstances, but they "shall be in writing, shall be approved by the court and shall include a treatment plan that provides for treatment in the least restrictive manner consistent with the needs of the subject individual." A corporation counsel has no discretion to refuse to comply with these statutory requirements, but apparently has broad discretion to enter into such settlement agreements, provided that they are in the public interest. In most other respects, the Legislature appears to have placed few limitations on the conduct of the corporation counsel in connection with involuntary civil commitment proceedings.
Your fifth question is "[t]o what extent, if at all, does the Corporation Counsel have prosecutorial immunity in carrying out his duty to represent the interests of the public in Chapter 51 . . .?" *Page 134 
In my opinion, a corporation counsel generally possesses immunity from state law damage claims involving the exercise of discretionary activities and immunity from federal civil rights damage claims involving the performance of quasi judicial functions.
A detailed discussion of prosecutorial immunity appears in 75 Op. Att'y Gen. 49, 54 (1986). Governmental officials in Wisconsin are generally immune from state law claims involving discretionary acts, unless such conduct is "malicious, willful and intentional." Ibrahim v. Samore, 118 Wis.2d 720, 728,348 N.W.2d 554 (1984).
In addition, governmental officials, especially those acting in a prosecutorial capacity, are absolutely immune from both state and federal damage claims involving quasi-judicial activities. Sec. 893.80 (4), Stats.; Riedy v. Sperry, 83 Wis.2d 158, 168,265 N.W.2d 475 (1978). While administrative and investigatory activities are not quasi-judicial in nature, commencing an action that is prosecutorial in nature as well as arranging and presenting evidence in such an action are activities afforded absolute immunity. 75 Op. Att'y Gen. at 54. Thus, "the commencement and handling of a paternity action by a county attorney is sufficiently analogous to the prosecution of criminal cases so as to justify the granting of absolute immunity." Duerscherl v.Foley, 681 F. Supp. 1364, 1368 (D. Minn. 1987).
For immunity purposes, I perceive no meaningful distinction between the quasi-judicial process of the commencement and subsequent conduct of a paternity action and the quasi-judicial process of the commencement and subsequent conduct of an involuntary civil commitment proceeding. I therefore conclude that a corporation counsel is absolutely immune from suit in connection with the performance of those involuntary civil commitment activities that are quasi-judicial in nature.
DJH:FTC *Page 135