WILLIAM A. J. DRENGLER, Corporation Counsel Marathon County
You indicate that problems have arisen in your area because certain inpatient facilities have either refused to accept individuals under emergency detention under section 51.15, Stats., or have taken the position that they have the statutory authority to require the law enforcement officer who has detained the individual to transport that individual to another inpatient facility which they designate. You, therefore, ask two questions related to the transportation of individuals by law enforcement officers under chapter 51.
Your first question is as follows:
 Does the sheriff's responsibility to transport patients, under § 51.20 (14), Stats., also include the responsibility to transport patients back and forth between different inpatient facilities prior
to any hearing at the mere request of the treatment director?
In my opinion, only a private treatment facility may refuse to accept an individual under emergency detention. Upon arrival at any facility listed in section 51.15 (2)(a), (b) or (c) and upon acceptance under section 51.15 (2)(d), it is the responsibility of the inpatient facility to which the individual is initially transported under section 51.15 (2) to secure transportation to another inpatient treatment facility, if such transportation is required prior to the initial hearing. *Page 300 
Section 51.15 provides in part:
 Emergency detention. (1) BASIS FOR DETENTION. (a) A law enforcement officer or other person authorized to take a child into custody under ch. 48 may take an individual into custody if the officer or person has cause to believe that such individual is mentally ill, drug dependent or developmentally disabled, and that the individual evidences any of the following [specified circumstances]:
. . . .
 (2) FACILITIES FOR DETENTION. The law enforcement officer shall transport the individual, or cause him or her to be transported for detention and for treatment if permitted under sub. (8) to any of the following facilities:
 (a) A hospital which is approved by the department as a detention facility or under contract with a county department under s. 51.42 or 51.437, or an approved public treatment facility;
(b) A center for the developmentally disabled;
(c) A state treatment facility; or
 (d) An approved private treatment facility, if the facility agrees to detain the individual.
 (3) CUSTODY. Upon arrival at the facility, the individual is deemed to be in the custody of the facility.
. . . .
 (5) DETENTION PROCEDURE; OTHER COUNTIES. In counties having a population of less than 500,000, the law enforcement officer shall sign a statement of emergency detention which shall provide detailed specific information concerning the recent overt act, attempt or threat to act or omission on which the belief under sub. (1) is based and the names of persons observing or reporting the recent overt act, attempt or threat to act or omission. The law enforcement officer is not required to designate in the statement whether the subject individual is mentally ill, *Page 301 
developmentally disabled or drug dependent, but shall allege that he or she has cause to believe that the individual evidences one or more of these conditions. The statement of emergency detention shall be filed by the officer with the detention facility at the time of admission, and with the court immediately thereafter. The filing of the statement has the same effect as a petition for commitment under s. 51.20. When upon the advice of the treatment staff, the director of a facility specified in sub. (2), determines that the grounds for detention no longer exist, he or she shall discharge the individual detained under this section.
Section 51.20 provides in part:
Involuntary commitment for treatment.
. . . .
 (2) NOTICE OF HEARING AND DETENTION. Upon filing of a petition for examination, the court shall review the petition to determine whether an order of detention should be issued. . . . Placement shall be made in a hospital which is approved by the department as a detention facility or under contract with a county department under s. 51.42 or 51.437, approved public treatment facility, mental health institute, center for the developmentally disabled under the requirements of s. 51.06(3), state treatment facility, or in an approved private treatment facility if the facility agrees to detain the subject individual. Upon arrival at the facility, the individual is deemed to be in the custody of the facility.
 (7) PROBABLE-CAUSE HEARING. (a) After the filing of the petition under sub. (1), if the subject individual is detained under s. 51.15 or this section the court shall hold a hearing to determine whether there is probable cause to believe the allegations made under sub. (1)(a) within 72 hours after the individual arrives at the facility, excluding Saturdays, Sundays and legal holidays. *Page 302 
. . . .
 (b) If the subject individual is not detained or is an inmate of a state prison, county jail or house of correction, the court shall hold a hearing within a reasonable time of the filing of the petition, to determine whether there is probable cause to believe the allegations made under sub. (1).
. . . .
 (8) DISPOSITION PENDING HEARING. (a) If it is shown that there is probable cause to believe the allegations under sub. (1), the court may release the subject individual pending the full hearing and the individual has the right to receive treatment services, on a voluntary basis, from the county department under s. 51.42 or 51.437, or from the department.
. . . .
 (b) If the court finds the services provided under par. (a) are not available, suitable, or desirable based on the condition of the individual, it may issue a detention order and the subject individual may be detained pending the hearing as provided in sub. (7)(c). Detention may be in a hospital which is approved by the department as a detention facility or under contract with a county department under s. 51.42 or 51.437, approved public treatment facility, mental health institute, center for the developmentally disabled under the requirements of s. 51.06(3), state treatment facility, or in an approved private treatment facility if the facility agrees to detain the subject individual.
 (14) TRANSPORTATION; EXPENSES. The sheriff or any law enforcement officer shall transport an individual who is the subject of a petition and execute the commitment, or any competent relative, friend or member of the staff of a treatment facility may assume responsibility for the *Page 303 
individual and transport him or her to the inpatient facility. The director of the county department under s. 51.42 or 51.437 may request the sheriff to provide transportation for a subject individual or may arrange any other method of transportation which is feasible. The county department may provide reimbursement for the transportation costs from its budgeted operating funds.
In 66 Op. Att'y Gen. 249, 253 (1977), it was stated, in connection with court-ordered placements, that "a public agency [cannot be required] to accept custody of a person unless there is a statute authorizing the court to do so or a statute requiring the agency to accept such a placement." Although emergency detention does not involve the issuance of a court order, I have no doubt that the Legislature may require public facilities to accept custody of individuals subject to such detention under specified circumstances. It has done so for those facilities listed in section 51.15(2)(a), (b) and (c), since only section 51.15(2)(d), which is applicable to approved private treatment facilities, contains the qualifying language "if the facility agrees to detain the individual." The express mention of such a consent provision only in connection with private facilities implies that consent is not required in connection with emergency detention to all other facilities listed in section 51.15(2). See, e.g., 70 Op. Att'y Gen. 17, 18 (1981). Such public facilities therefore may not refuse to accept individuals brought to them under emergency detention, but the treatment director may discharge the individual if "the grounds for detention no longer exist." Sec. 51.15(5), Stats. It is therefore important that the law enforcement officer who detains an individual make a good faith effort to transport him or her to a facility that provides the type of treatment that the individual apparently needs.
Upon arrival at any of the facilities listed in section51.15(2)(a), (b) and (c), and upon acceptance by an approved private treatment facility under section 51.15(2)(d), custody of the individual is transferred from the sheriff or other law *Page 304 
enforcement officer that detained the individual to the facility itself. Sec. 51.15(3), Stats. Apparently, those facilities listed in section 51.15(2)(a) that have contractual relationships with county departments in your area maintain that, for space or other reasons, they may request the sheriff "to provide transportation for a subject individual" under emergency detention pursuant to section 51.20(14) at any time after an individual "arrive[s] at the facility" under sections 51.15(3), 51.20(2) or 51.20(8)(b).
That position is supported by the wording of the questions posed in 68 Op. Att'y Gen. 223 (1979). The answers provided to those questions in that opinion did not explicitly distinguish between the terms "commitment" and "detention." "Commitment" occurs under section 51.20(13)(a) and may be either to the county department under section 51.42 in the case of the county residents or jail inmates or to the Department of Health and Social Services in the case of nonresidents or prison inmates. In contrast to commitment, detention is to a specific facility, rather than to the county department or to the Department of Health and Social Services. Detention, which can occur without knowledge of the county department, in all cases therefore simply places the individual in the custody of the facility where he or she is initially detained. Secs. 51.15(3) and 51.20(2).[1] When detention occurs, no one "execute[s] the commitment" within the meaning of the first sentence of section 51.20(14).[2] *Page 305 
68 Op. Att'y Gen. 223 appears to have concluded that the second sentence of section 51.20(14) is independent of the first. That opinion assumes that commitment need not have occurred in order for the treatment director of the county department to "request the sheriff to provide transportation to the subject individual" under the second sentence of that statute. Applying the doctrine of cum onere, the opinion also concluded that the sheriff must comply with any transportation request under section 51.20(14) which is made by the director of the county department concerning any individual that is the subject of a petition for examination under section 51.20(1). The Legislature has amended section 51.20
a number of times since the issuance of that opinion, although it has never amended section 51.20(14). The opinion therefore should be accorded some persuasive value. See Town of Vernon v. WaukeshaCounty, 99 Wis.2d 472, 479, 299 N.W.2d 593 (Ct.App. 1980),aff'd, 102 Wis.2d 686, 693, 307 N.W.2d 227 (1981).
To the extent that the second sentence of section 51.20(14) refers to the execution of the commitment, 68 Op. Att'y Gen. 223 correctly applies the doctrine of cum onere because the first sentence of that statute requires the sheriff (or any other law enforcement officer) to execute all such commitments. The application of the doctrine of cum onere in that opinion so as to absolve the county department from any reimbursement obligation in connection with all other court-ordered transportation directed to the sheriff under chapter 51 also *Page 306 
makes sense because the sheriff must "[p]ersonally, or by the undersheriff or deputies, serve or execute according to law all processes, writs, precepts and orders issued or made by lawful authority and delivered to the sheriff." Sec. 59.23(4), Stats. See 79 Op. Att'y Gen. 8, 11-12 (1990).
In other pre-commitment situations, which were not separately analyzed in 68 Op. Att'y Gen. 223, the application of the cumonere doctrine makes sense if the Legislature intended that the sheriff must honor any "request" made under section 51.20(14). The sheriff is required to "[p]erform all other duties required of the sheriff by law." Sec. 59.23(7), Stats. Commitment is not a prerequisite to making a request for transportation of any "subject individual" under section 51.20(14). That phrase encompasses any individual who is the subject of a petition under section 51.20(1) as well as any individual under emergency detention, since "[t]he filing of the statement [of emergency detention] has the same effect as a petition for commitment under s. 51.20." Sec. 51.15(5), Stats. There would be little reason for the second sentence of section 51.20(14) if its terms were applicable only to individuals already under commitment pursuant to section 51.20(13). The statute would then apply only to reexamination proceedings under section 51.20(16) and post-commitment transfers to other facilities. It is far more likely that the Legislature intended the statute to be applicable to any individual under detention, since almost all such individuals must be transported to further court proceedings if the commitment process is to continue. 68 Op. Att'y Gen. 223 implicitly adopts that position.
Section 51.20(14) requires the director of the county department, rather than an employe of the facility where the individual is initially detained, to make a request for transportation and to direct that request to the sheriff. The statute therefore appears to contemplate that some kind of a review of the individual's treatment setting take place before transfer is requested. Once an appropriate request is made, the *Page 307 
sheriff may transport the individual to another facility within a reasonable time under the facts and circumstances, rather than at a particular time, as is usually required in connection with a court proceeding. Since I find no language in the second sentence of section 51.20(14) that would limit its application to situations where court proceedings have been initiated, I therefore conclude that the director of the county department, after independent review of a subject's treatment situation, may request the sheriff to transport an individual under emergency detention prior to the initial court hearing under chapter 51. I further conclude that the Legislature intended that the sheriff would honor such requests.
You also ask that I address the question of which law enforcement agency must transport an individual prior to the time an initial court hearing is held. Under section 51.20(14), a request must be directed to the sheriff, as opposed to the head of any other law enforcement agency. Where only a single county is involved, the request can only be made to the sheriff of the county in which the individual is initially detained. In situations involving multi-county departments, the same process should occur, absent a formal agreement between counties to employ some other procedure. However, once court proceedings are initiated, it may be desirable to obtain an order for transportation from the court in which the commitment proceedings will be held.
JED:FTC
[1] Although similar language does not appear in section51.20(8)(b), I am of the opinion that this omission is simply a "`legislatively dropped stitch.'" 65 Op. Att'y Gen. 49, 52 (1976), quoting Scharping v. Johnson, 32 Wis.2d 383, 394,145 N.W.2d 719 (1966).
[2] See section 51.06, Stats. (1969), which formerly provided in part:
 Execution of commitment; expenses. (1) The sheriff and such assistants as the court deems necessary shall execute the commitment; but if any competent relative or friend of any patient so requests, the commitment may be delivered to and executed by him. For such execution he shall be entitled to his necessary expenses, not exceeding the fees and expenses allowed to sheriffs. The officer, unless otherwise ordered by the court, shall on the day that a patient is adjudged mentally ill or infirm or deficient, deliver him to the proper institution. Every female patient transported to a hospital shall be accompanied by a competent woman. The court shall prescribe the kind of transportation to be used. Whenever ordered by the court, the person executing the commitment shall wear civilian clothes. *Page 308