Mr. Dennis D. Costello Corporation Counsel Door County 421 Nebraska Street Sturgeon Bay, Wisconsin 54235
Dear Mr. Costello:
You indicate that problems have arisen in your area because local law enforcement agencies within your county have taken the position that the law enforcement officer who has placed an individual under emergency detention under section 51.15, Stats., need only transport that individual to a hospital which is not within one of the four categories of facilities listed in section51.15(2). You state that the purpose of transporting such individuals to a hospital is to determine whether they are medically able to withstand transport to one of those four categories of facilities, which are usually a considerable distance away from the hospital. You, ask, in effect, whether it remains the obligation of the law enforcement officer who has placed an individual under emergency detention under section51.15, to transport that individual to one of the four categories of facilities listed in section 51.15(2) until such time as custody of the individual is transferred to such a facility.
In my opinion, the answer is yes.
Section 51.15 provides in part:
 Emergency detention. (1) BASIS FOR DETENTION. (a) A law enforcement officer or other person authorized to take a child into custody under ch. 48 may take an individual into custody if the officer or person has cause to believe that such individual is mentally ill, drug dependent or developmentally disabled, and that the individual evidences any of the following [specified circumstances]: *Page 111 
. . . .
 (2) FACILITIES FOR DETENTION. The law enforcement officer shall transport the individual,
or cause him or her to be transported for detention and for treatment if permitted under sub. (8) to any of the following facilities:
 (a) A hospital which is approved by the department as a detention facility or under contract with a county department under s. 51.42 or 51.437, or an approved public treatment facility;
(b) A center for the developmentally disabled;
(c) A state treatment facility; or
 (d) An approved private treatment facility, if the facility agrees to detain the individual.
 (3) CUSTODY. Upon arrival at the facility, the individual is deemed to be in the custody of the facility.
. . . .
 (5) DETENTION PROCEDURE; OTHER COUNTIES. In counties having a population of less than 500,000, the law enforcement officer shall sign a statement of emergency detention which shall provide detailed specific information concerning the recent overt act, attempt or threat to act or omission on which the belief under sub. (1) is based and the names of persons observing or reporting the recent overt act, attempt or threat to act or omission. The law enforcement officer is not required to designate in the statement whether the subject individual is mentally ill, developmentally disabled or drug dependent, but shall allege that he or she has cause to believe that the individual evidences one or more of these conditions. The statement of emergency detention shall be filed by the officer with the detention facility at the time of admission,
and with the court immediately thereafter. The filing of the statement has the same effect as a petition for commitment under s. 51.20. When upon the advice of the treatment staff, the director of *Page 112 
a facility specified in sub. (2) determines that the grounds for detention no longer exist, he or she shall discharge the individual detained under this section.
Section 51.20 provides in part:
 (14) TRANSPORTATION; EXPENSES. . . . The director of the county department under s. 51.42
or 51.437 may request the sheriff to provide transportation for a subject individual or may arrange any other method of transportation which is feasible. The county department may provide reimbursement for the transportation costs from its budgeted operating funds.
Upon arrival at any of the facilities listed in section51.15(2)(a), (b) and (c), and upon acceptance by an approved private treatment facility under section 51.15(2)(d), custody of the individual is transferred from the sheriff or other law enforcement officer that detained the individual to the facility itself. Sec. 51.15(3), Stats. Once custody is transferred to such a facility, it is the responsibility of the facility to secure transportation for the individual. See 80 Op. Att'y Gen. 299 1992) at 1. As I indicated in 80 Op. Att'y Gen. at 306, once custody is transferred, the "director of the county department . . . [may] make a request for transportation and . . . direct that request to the sheriff." If the request does not relate to a court proceeding, it then becomes the obligation of the sheriff to "transport the individual to another facility within a reasonable time under the facts and circumstances." 80 Op. Att'y Gen. at 307. "It is therefore important that the law enforcement officer who detains an individual make a good faith effort to transport him or her to a facility that provides the type of treatment that the individual apparently needs." See 80 Op. Att'y Gen. at 303.
Pursuant to section 51.15(5), "[t]he statement of emergency detention shall be filed by the officer with the detention facility at the time of admission." Under section 51.15(1), the law enforcement officer who detains the individual must prepare such a statement. Reading these two sections of the statute together, *Page 113 
custody remains with the law enforcement officer who detained that individual until the individual is admitted to one of the facilities enumerated in section 51.15(2). The statute permits transfer of custody from the law enforcement officer only to one of the four categories of facilities enumerated in that statute. In the situation you describe, custody is not transferred from the detaining law enforcement officer to the hospital because the hospital is not within one of the four categories of facilities listed in section 51.15(2). Section51.15(2) contains mandatory language: "The law enforcement officer shall transport the individual . . . for detention and for treatment . . . to any of the following facilities." The law enforcement officer's statutory obligation is not discharged until a transfer of custody to one of those four categories of facilities occurs.
I, therefore, conclude that it remains the obligation of the law enforcement officer who has placed an individual under emergency detention under section 51.15 to transport that individual to one of the four categories of facilities listed in section 51.15(2) until as custody of the individual is transferred to such a facility.
Sincerely,
 James E. Doyle Attorney General
JED:FTC:dah *Page 114