COURT OF APPEALS
DECISION
DATED AND FILED

August 20, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP630**

STATE OF WISCONSIN

Cir. Ct. No. **2018CV2478**

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN EX REL. JUMAR K. JONES,

  PETITIONER-APPELLANT,

 V.

JAMES SCHWOCHERT AND SCOTT ECKSTEIN,

  DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Dane County: RICHARD G. NIESS, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Jumar Jones, pro se, appeals the circuit court's order dismissing his claims against two prison officials. The claims arise from the

deduction of funds from Jones's prison account as payment on a restitution order that was later vacated. We affirm the order dismissing Jones's claims.

*Background*

¶2 For purposes of this decision, we accept the factual allegations in Jones's pleadings as true. The circuit court summarized the most relevant allegations as set forth below.

¶3 In May 1996, the Milwaukee County Circuit Court sentenced Jones to a term of incarceration, with restitution "to be determined." Restitution was not determined until December 2010, when the circuit court entered a restitution order for $8,046.36 without providing Jones a restitution hearing.

¶4 In 2016, the department of corrections discovered the existence of the restitution order and began withholding funds from Jones's prison account as payment on the order. Jones objected and, after unsuccessfully bringing administrative challenges to the withholding, Jones moved the circuit court to vacate the order. In February 2018, the circuit court vacated the restitution order *nunc pro tunc* to the date of Jones's sentencing.

¶5 In the action now before us, Jones brought state law claims, including replevin and mandamus, and federal law claims under 42 U.S.C. § 1983 in the Dane County Circuit Court. Jones named James Schwochert, a prisons administrator, and Scott Eckstein, a warden, as respondents.[1] Jones requested

---

[1] Jones also named several additional prison officials. However, Jones conceded in the circuit court that the court lacked personal jurisdiction over these additional officials because Jones did not serve any of them with a summons.

compensatory damages for $921.27 that was withheld from his prison account and punitive damages in the amount of $50,000. Additionally, Jones requested a declaration that Schwochert's and Eckstein's acts and omissions violated his rights.

¶6 Schwochert and Eckstein moved to dismiss Jones's claims, and the circuit court granted the motion. Jones now appeals.

*Discussion*

¶7 "Whether a complaint states a claim for relief is a question of law, which this court reviews de novo." *H.A. Friend & Co. v. Professional Stationery, Inc.*, 2006 WI App 141, ¶8, 294 Wis. 2d 754, 720 N.W.2d 96. "A reviewing court must construe the facts set forth in the complaint and all reasonable inferences that may be drawn from those facts in favor of stating a claim." *Id.*; *see also* *Amek bin-Rilla v. Israel*, 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983) (stating "*pro se* prisoner complaints … must be construed liberally to determine if the complaint states any facts giving rise to a cause of action").

¶8 Jones argues that we should reverse the circuit court because his pleadings, when liberally construed, adequately state both state law and federal law claims. We are not persuaded.

¶9 We start with Jones's state law claims and Jones's request for monetary damages based on those claims. We agree with the circuit court that these claims are barred by Jones's failure to allege compliance with the notice of

claim statute, WIS. STAT. § 893.82(3) (2017-18).[2] "There must be a notice of claim and disallowance as a condition precedent before a civil action or proceeding can be brought under [this section]." ***Elm Park Iowa, Inc. v. Denniston***, 92 Wis. 2d 723, 730, 286 N.W.2d 5 (Ct. App. 1979).[3] "A complaint brought under this section must state that a claim was made and disallowed." ***Id.*** at 730-31.

¶10    Jones does not contend that he complied, or alleged compliance, with the notice of claim statute.  Rather, he argues that his state law claims should proceed because, as part of those claims, he sought declaratory relief.  "[WIS. STAT. §] 893.82 … applies to the claim for monetary damages but does not apply to the claims for declaratory and injunctive relief." ***Lewis v. Sullivan***, 188 Wis. 2d 157, 161, 524 N.W.2d 630 (1994).

¶11    Schwochert and Eckstein counter that the circuit court properly dismissed Jones's claims for declaratory relief based on WIS. STAT. § 806.04(6). Section 806.04(6) provides that the court may refuse to grant declaratory relief when such relief "would not terminate the uncertainty or controversy giving rise to the proceeding."  Here, the circuit court stated that a declaration that Schwochert and Eckstein violated Jones's rights would not terminate the controversy because the disputed funds had never been in their possession; therefore, a declaration that

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] ***Elm Park Iowa, Inc. v. Denniston***, 92 Wis. 2d 723, 730, 286 N.W.2d 5 (Ct. App. 1979), refers to a previous version of the notice of claim statute, before it was renumbered to WIS. STAT. § 893.82.  *See **Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary Dist.**,* 2019 WI 43, ¶31 n.13, 386 Wis. 2d 425, 926 N.W.2d 184 (noting the renumbering of the statute).

they violated Jones's rights would not address "the core issue, i.e., reimbursement of the withheld restitution amounts."

¶12    Jones does not identify any flaw in the circuit court's reliance on WIS. STAT. § 806.04(6), nor does Jones explain how declaratory relief against Schwochert or Eckstein could lead to the reimbursement of funds or punitive damages he seeks, absent a notice of claim.  Accordingly, we reject Jones's argument that his state law claims should proceed based on his request for declaratory relief.

¶13    We turn to Jones's federal law claims under 42 U.S.C. § 1983.  As to those claims, we agree with Schwochert and Eckstein that the claims are barred by the doctrine of qualified immunity.[4]

¶14    "[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'"  ***District of Columbia v. Wesby***, 138 S. Ct. 577, 589 (2018).  "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear that every reasonable official would understand that what [the official] is doing is unlawful.'"  ***Id.*** (some internal quotations omitted and quoted sources omitted).  "In other words, existing law must have placed the constitutionality of the officer's conduct 'beyond debate.'"  ***Id.*** (quoted source omitted).

---

[4] The circuit court concluded that Jones's federal law claims were barred by the doctrine of absolute immunity.  We affirm the circuit court on the alternative ground of qualified immunity.  *See* ***State v. Trecroci***, 2001 WI App 126, ¶45, 246 Wis. 2d 261, 630 N.W.2d 555 (stating the court of appeals is "entitled to affirm a trial court's ruling on different grounds if the effect of our holding is to uphold the trial court's ruling").

¶15 Jones argues, as we understand it, that he had a clearly established right to a restitution hearing in some forum before any funds could be deducted from his prison account for restitution. However, Jones does not establish that there is any legal authority requiring *prison officials* such as Schwochert or Eckstein to provide such a hearing. Thus, the absence of such a hearing does not demonstrate that Schwochert or Eckstein violated Jones's rights. Further, Jones does not establish that Schwochert's or Eckstein's reliance on the restitution order before it was vacated by the circuit court was "unlawful[]" conduct that was "'clearly established at the time.'" *See id.* Accordingly, Jones has not shown that he satisfies the requirements to overcome qualified immunity.

¶16 Jones may mean to make other arguments that we have not expressly addressed. We conclude that those arguments are too lacking in development to warrant discussion. *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (stating "challenges not discussed with specificity can be deemed to lack sufficient merit to warrant individual attention"); *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating the court of appeals need not consider inadequately developed arguments).

¶17 In sum, for the reasons stated above, we affirm the circuit court's order dismissing Jones's claims.[5]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] The circuit court's order states that the claims are dismissed "with prejudice," and we now clarify how we interpret that statement. We construe "with prejudice" to mean only that Jones is barred from bringing further claims against Schwochert and Eckstein. As the circuit court acknowledged in its order, "Jones may very well be entitled to a reimbursement of those amounts he involuntarily paid under a now-vacated restitution order." We agree with the circuit court that, although Jones cannot recover based on his claims against Schwochert and Eckstein, it is possible that Jones may now have, or at some point may have had, some different claims or remedies against some other defendant or defendants, or before the State Claims Board. The nature of any such claims or remedies is not before us to decide, and we express no opinions on these topics. *See State v. Minniecheske*, 223 Wis. 2d 493, 502, 590 N.W.2d 17 (Ct. App. 1998) (discussing possible remedies in a similar circumstance involving restitution).